COVELL v SPENGLER

Docket No. 75868. Submitted December 12, 1984, at Lansing.—Decided February 20, 1985. Leave to appeal applied for.

Plaintiff, Harry Covell, brought an action in the Ingham Circuit Court against defendants, Barry Spengler, Clarence Wasson and Kwik Car Wash, Inc., alleging that his employment with the car wash was terminated because he had complained to the labor board that he was not receiving overtime pay. The trial court, Robert Holmes Bell, J., found that the claim was barred because the plaintiff did not initiate the action within the 90-day limitation period set forth in the Whistleblowers' Protection Act. An order granting the defendants an accelerated judgment and a summary judgment was entered. Plaintiff appeals from that order. *Held:*

1. The Legislature intended the 90-day limitation period to apply to claims for all damages under the Whistleblowers' Protection Act. The limitation period is mandatory. An action under the act is barred, regardless of the remedy requested, if the 90-day limitation period provided in the statute of limitations is not met.

2. The trial court's grant of accelerated judgment was proper. Plaintiff failed to make any showing that the statute of limitations operated arbitrarily or capriciously in barring his cause of action. The facts contradict plaintiff's assertion that the period of limitation is unduly and unconstitutionally short.

3. Retaliatory discharges are expressly prohibited by the Whistleblowers' Protection Act which provides the exclusive

REFERENCES FOR POINTS IN HEADNOTES

[1, 7, 8] 53 Am Jur 2d, Master and Servant § 43 *et seq.*
Liability for discharge of at-will employee for in-plant complaints or efforts relating to working conditions affecting health or safety. 35 ALR4th 1031.
[2] 51 Am Jur 2d, Limitation of Actions § 31 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 145, 146.
[4] 51 Am Jur 2d, Limitation of Actions §§ 31-36.
[5] 51 Am Jur 2d, Limitation of Actions §§ 15, 21.
[6] 73 Am Jur 2d, Statutes §§ 290, 291.
[7] 48 Am Jur 2d, Labor and Labor Relations § 9.
[9] 53 Am Jur 2d, Master and Servant § 67.

remedy for a violation of the act. The trial court did not err in granting defendants a summary judgment, finding that plaintiff failed to state a cause of action for breach of implied covenant of fair dealing and/or retaliatory discharge.

4. The trial court did not err in granting defendant a summary judgment, finding that plaintiff's complaint failed to state a cause of action against defendants Wasson and Spengler, officers of the defendant corporation. The complaint was against the corporation, not against corporate officials acting in their own personal interest.

Affirmed.

1. LABOR RELATIONS — WHISTLEBLOWERS' PROTECTION ACT — LIMITATION OF ACTIONS.

A person who alleges a violation of the Whistleblowers' Protection Act may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of an alleged violation of the act; the 90-day limitation period provided in the act bars an action under the act, regardless of the remedy requested, if the limitation period is not met (MCL 15.363[1], 15.364; MSA 17.428[3][1], 17.428[4]).

2. LABOR RELATIONS — WHISTLEBLOWERS' PROTECTION ACT — LIMITATION OF ACTIONS — DAMAGES.

The 90-day period of limitation for bringing an action under the Whistleblowers' Protection Act is not unduly or unconstitutionally short and it applies to claims for all damages under the act; the act defines the term "damages" to mean damages for injury or loss caused by each violation of the act, including reasonable attorney fees (MCL 15.363[1], 15.363[3], 15.364; MSA 17.428[3][1], 17.428[3][3], 17.428[4]).

3. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

The fundamental rule of statutory construction is to ascertain and give effect to the intention of the Legislature; courts must, whenever possible, construe statutes so as to give them validity and a reasonable construction; seeming inconsistencies in the various provisions of a statute should be reconciled, if possible, so as to arrive at a meaning which gives effect to all parts of the statute; a construction leading to absurd consequences should be avoided.

4. LIMITATION OF ACTIONS — ACTIONS.

The Legislature, in creating a right, may place reasonable restrictions on the exercise of that right, including specific time limitations.

5. LIMITATION OF ACTIONS — PROCEDURAL REQUIREMENTS — ACCESS
   TO COURTS.

   Statutes of limitations are generally considered to be procedural
   requirements; therefore, they are upheld by the courts unless it
   can be demonstrated that they are so harsh and unreasonable
   in their consequences that they effectively divest plaintiffs of
   the access to the courts intended by the grant of the substan-
   tive right.

6. ACTIONS — STATUTORY REMEDIES — COMMON-LAW REMEDIES.

   The remedies provided in a statute for violation of the statute are
   exclusive and not cumulative where the statute creates a new
   right or imposes a new duty having no counterpart in the
   common law; correlatively, a statutory remedy for enforcement
   of a common-law right is deemed only cumulative.

7. LABOR RELATIONS — AT-WILL EMPLOYMENT — TERMINATION OF
   EMPLOYMENT — PUBLIC POLICY — WHISTLEBLOWERS' PROTEC-
   TION ACT.

   The Court of Appeals has recognized a public policy exception to
   the general rule that at-will employment may be terminated at
   any time for any reason; the exception is based on the principle
   that some grounds for discharging an employee are so contrary
   to public policy as to be actionable; these proscriptions are most
   often found in explicit legislative statements prohibiting the
   discharge, discipline, or other adverse treatment of employees
   who act in accordance with a statutory right or duty; the
   Whistleblowers' Protection Act is one of these statutes (MCL
   15.362; MSA 17.428[2]).

8. LABOR RELATIONS — WHISTLEBLOWERS' PROTECTION ACT — REME-
   DIES.

   The remedies provided in the Whistleblowers' Protection Act for
   violation of the act are exclusive and not cumulative.

9. LABOR RELATIONS — ACTIONS.

   A plaintiff's complaint against his former employer, a corpora-
   tion, and certain officers of the defendant employer which
   alleges that the defendants terminated his employment because
   he reported to the labor board that the corporation was not
   paying overtime wages is a complaint against the corporation,
   not against corporate officials acting in their own personal
   interest.

*Michael J. Breczinski,* for plaintiff.

*Reid, Reid, Perry, Lasky, Hollander & Chalmers, P.C.* (by *Patrick R. Hogan),* for defendants.

Before: Beasley, P.J., and R. B. Burns and S. C. Gardner,* JJ.

Per Curiam. Plaintiff appeals from the trial court's grant of accelerated and summary judgments in favor of defendants. GCR 1963, 116.1(5), 117.2(1). We affirm.

This case arises from the termination of plaintiff's employment with Kwik Car Wash, Inc. Plaintiff alleges that he was suspended from work on October 8, 1982, because of an argument with defendant Wasson. According to plaintiff, he then went to the labor board and complained that he was not receiving overtime pay. Plaintiff contends that when he reported to the car wash on October 12, 1982, to find out when he was to return to work, Wasson told him that "they didn't like people that went to the labor board" and that he was "laid off for lack of work since they couldn't fire" him. Defendants dispute this version of events, claiming that plaintiff was discharged on October 8, 1982, for poor attitude and inadequate work performance, reasons unrelated to any subsequent report he made to the labor board.

I

The basis for Count I of plaintiff's complaint is the Whistleblowers' Protection Act, MCL 15.361 *et seq.;* MSA 17.428(1) *et seq.* The trial court found that this claim was barred because plaintiff failed to initiate this action within the 90-day limitation

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

period set forth in MCL 15.363(1); MSA 17.428(3)(1):

"A person who alleges a violation of this act may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of the alleged violation of this act."

On appeal, plaintiff does not claim that he filed within the statutory limitation period. Rather, he claims that the 90-day limitation period should be construed as permissive and not mandatory, that is, "that one is allowed to start such action within 90 days of the occurrence complained of and is not prohibited from starting suit thereafter". We find this argument without merit. Plaintiff's construction renders the 90-day limitation period meaningless.

Plaintiff also contends that if the statute is to be construed as a statute of limitations it only bars the two forms of relief specified in that provision, injunctive relief and actual damages, and does not bar an action for the other remedies enumerated in MCL 15.364; MSA 17.428(4). MCL 15.364; MSA 17.428(4) provides:

"A court, in rendering a judgment in an action brought pursuant to this act, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate."

To adopt plaintiff's construction would lead to an absurd result, which this Court is bound to

avoid. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 114, n 4; 252 NW2d 818 (1977). Our Supreme Court has stated the rule:

"The fundamental rule of construction of statutes is to ascertain and give effect to the intention of the Legislature; courts are bound, whenever possible, so to construe statutes as to give them validity and a reasonable construction; seeming inconsistencies in the various provisions of a statute should be reconciled, if possible, so as to arrive at a meaning which gives effect to all parts of the statute; a construction leading to an absurd consequence should be avoided." *In re Petition of State Highway Comm,* 383 Mich 709, 714-715; 178 NW2d 923 (1970) (Citations omitted.)

The statutory definition of "damages" as that term is used in MCL 15.363(1); MSA 17.428(3)(1) is set forth in MCL 15.363(3); MSA 17.428(3)(3):

"As used in subsection (1), 'damages' means damages for injury or loss caused by each violation of this act, including reasonable attorney fees."

A logical construction would be that the Legislature intended the 90-day limitation period to apply to claims for all damages. The language "appropriate injunctive relief", as used in MCL 15.363(1); MSA 17.428(3)(1), is sufficiently broad and encompasses the specific forms of injunctive relief set forth in MCL 15.364; MSA 17.428(4).

We hold that MCL 15.363(1); MSA 17.428(3)(1) is a statute of limitations and that, if not met, it bars an action under the Whistleblowers' Protection Act, regardless of the remedy requested.

Plaintiff next asks this Court to find that the period of limitation is unduly and unconstitutionally short. According to plaintiff, he, and non-union, non-governmental workers like him, who most

need the protections of the statute, are naive about the law and unaware of their rights, so that a short 90-day period of limitation is unjust.

In creating a right, the Legislature may place reasonable restrictions on the exercise of that right, including specific time limitations. *Forest v Parmalee,* 402 Mich 348, 359; 262 NW2d 653 (1978). Statutes of limitations are generally considered to be procedural requirements. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). As such, they are upheld by our courts unless it can be demonstrated that they are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right. *Forest v Parmalee, supra,* p 359.

Here, the facts contradict plaintiff's assertion. By plaintiff's own admission, within one month of his severance from employment he sought advice of counsel and was specifically informed by labor board personnel of his potential cause of action against defendants under the Whistleblowers' Protection Act. Plaintiff has failed to make any showing that the statute of limitations has operated arbitrarily or capriciously in barring his cause of action. *Id.,* p 357. The trial court's grant of accelerated judgment was proper.

## II

Plaintiff next claims that it was error for the trial court to grant summary judgment in defendants' favor, finding plaintiff had failed to state a cause of action for breach of implied covenant of fair dealing and/or retaliatory discharge. Defendants assert that plaintiff's cause of action under the Whistleblowers' Protection Act is exclusive.

When a statute creates a new right or imposes a

new duty having no counterpart in the common law, the remedies provided in the statute for violation are exclusive and not cumulative. Correlatively, a statutory remedy for enforcement of a common-law right is deemed only cumulative. *Pompey v General Motors Corp,* 385 Mich 537, 552; 189 NW2d 243 (1971). Plaintiff has cited no authority for the proposition that there exists a common-law right to be free from discharge from employment for reporting an employer's violation of the law.

This Court has recognized a "public policy" exception to the general rule that at-will employment may be terminated at any time for any reason. *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976); *Trombetta v Detroit, T & I R Co,* 81 Mich App 489; 265 NW2d 385 (1978). This exception is based on the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable. These proscriptions are most often found in explicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty. The Whistleblowers' Protection Act, MCL 15.362; MSA 17.428(2), is one of these statutes. *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 695; 316 NW2d 710 (1982).

The existence of a specific statutory prohibition against retaliatory discharge is critical in this case. Unlike *Pompey, supra,* which dealt with the exclusive-cumulative dichotomy regarding statutory remedies in the context of fundamental or civil rights, the instant case involves an alleged violation of a proprietary right. *Lamphere Schools, supra.* In *Ohlsen v DST Industries, Inc,* 111 Mich App 580; 314 NW2d 699 (1981), this Court considered whether a plaintiff had an action for retalia-

tory discharge where a specific provision of the Michigan Occupational Safety and Health Act prohibited retaliatory discharges. The Court stated:

"The plaintiff cites *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976), to support his argument that when an employer terminates the employment of an 'at-will' employee, for purposes of circumventing the statutorily established public policy, the employee-victim of such conduct does have a cause of action.

"We adopt the rationale of the trial court:

" '*Sventko* can be distinguished from the present case by the fact that the workmen's compensation statute does not prohibit retaliatory discharges of employees who file claims under the act, while MIOSHA specifically prohibits such actions. See MCL 408.1065; MSA 17.50(65). Since the workmen's compensation statute does not directly prohibit retaliatory discharges by employers, the Court carved out an exception to the general rule that either party may terminate an employment at will for any reason or no reason by providing the discharged employee a remedy where none is provided under the statute.

" 'In the present case, however, retaliatory discharges are expressly prohibited under the MIOSHA statute, and, in addition, a remedy is provided to an employee who claims a violation of the statute. Therefore, unlike the plaintiff in *Sventko,* the plaintiff in the present case has a remedy provided by the statute under which he is suing.'

"The *Sventko* decision does not extend to this case where the statute involved prohibits retaliatory discharge and provides an exclusive remedy." 111 Mich App 585-586.


### III

Plaintiff also claims that the trial court erred in granting summary judgment on Count IV of the

complaint, finding that it failed to state a cause of action against defendants Wasson and Spengler, officers of defendant corporation. There is case law support for a cause of action in favor of a discharged employee against a corporate official for tortious interference with the employee's at-will employment with the corporation. *Tash v Houston,* 74 Mich App 566; 254 NW2d 579 (1977). However, the facts pled by plaintiff here do not establish such an action. Plaintiff alleged that defendants terminated his employment because he reported to the labor board that the corporation was not paying overtime wages. This is a complaint against the corporation, not against corporate officials acting in their own personal interest. *Id.,* p 574.

The trial court was correct. Under the facts of this case, the Whistleblowers' Protection Act is plaintiff's exclusive remedy.

Affirmed.