## DANTO v MICHIGAN BOARD OF MEDICINE

Docket No. 101136. Submitted April 12, 1988, at Lansing. Decided May 16, 1988.

Petitioner, Bruce L. Danto, M.D., submitted a psychiatric therapy bill to Blue Cross and Blue Shield of Michigan for a nonreimbursable psychiatric examination. Petitioner thereafter pled guilty in federal district court to wilful misapplication of insurance funds under $100. A referee for respondent, Michigan Board of Medicine, thereafter determined that no violation of MCL 333.16221(1)(b)(v); MSA 14.15(16221)(1)(b)(v) had been established since petitioner's conviction did not relate to and adversely affect his ability to practice medicine in a safe and competent manner. Respondent rejected the referee's conclusion, although it adopted the balance of the referee's findings of fact, and ordered petitioner to pay a fine of $5,000. Danto brought a petition for review in Ingham Circuit Court. The circuit court, James T. Kallman, J., affirmed respondent's decision and order. Petitioner appealed.

The Court of Appeals *held:*

1. The referee properly concluded that petitioner's conviction for misapplication of insurance funds does not constitute a misdemeanor or felony reasonably related to and adversely affecting the licensee's ability to practice in a safe and competent manner.

2. The existence of a specific statutory provision for disciplining licensees for fraud and deceit, MCL 333.16221(1)(d)(iii); MSA 14.15(16221)(1)(d)(iii), precludes the respondent's construction of MCL 333.16221(1)(b)(v); MSA 14.15(16221)(1)(b)(v) to include misapplication of insurance funds as a crime reasonably related to and adversely affecting the licensee's ability to practice in a

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 91 *et seq.*

Physician's or other healer's conduct, or conviction of offense, not directly related to medical practice, as ground for disciplinary action. 34 ALR4th 609.

Criminal prosecution or disciplinary action against medical practitioner for fraud in connection with claims under Medicaid, Medicare, or similar welfare program for providing medical services. 50 ALR3d 549.

safe and competent manner. Unethical business practices do not necessarily indicate that a physician is unable to treat patients safely and competently.

Reversed.

1. STATUTES — JUDICIAL CONSTRUCTION.

A statutory provision should be read in its entirety and in connection with the rest of the statute; a statutory provision should not be construed so as to render another part of the statute superfluous or nugatory.

2. PHYSICIANS AND SURGEONS — UNETHICAL BUSINESS PRACTICES.

Unethical business practices do not necessarily indicate that a physician is unable to treat patients safely and competently (MCL 333.16221, subds [1][b][v] and [1][d][iii]; MSA 14.15[16221], subds [1][b][v] and [1][d][iii]).

3. PHYSICIANS AND SURGEONS — MISAPPLICATION OF INSURANCE FUNDS — ACTIONS.

The misapplication of insurance funds by a licensee is not a crime reasonably related to and adversely affecting the licensee's ability to practice medicine in a safe and competent manner; the statutory provision for disciplining licensees for fraud and deceit in obtaining or attempting to obtain third-party reimbursement governs an action against a licensee for misapplication of insurance funds (MCL 333.16221, subds [1][b][v] and [1][d][iii]; MSA 14.15[16221], subds [1][b][v] and [1][d][iii]).

*Farhat, Story & Kraus, P.C.* (by *Richard C. Kraus*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Howard C. Marderosian,* Assistant Attorney General, for respondent.

Before: BEASLEY, P.J., and H. HOOD and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Petitioner appeals as of right from a circuit court order affirming the order of respondent Michigan Board of Medicine, fining petitioner $5,000. Respondent imposed the fine

---

* Circuit judge, sitting on the Court of Appeals by assignment.

after petitioner was convicted of a crime alleged to be reasonably related to and adversely affecting his ability to practice medicine in a safe and competent manner. MCL 333.16221(1)(b)(v); MSA 14.15(16221)(1)(b)(v). We reverse.

Petitioner pled guilty in federal district court to wilful misapplication of insurance funds under $100. 18 USC 657. The federal court sentenced petitioner to three years probation, ordered him to perform three hundred hours of community service work within the first two years of probation, and fined him $1,000. It was agreed that petitioner has in all respects complied with his sentence.

Petitioner had submitted a psychiatric therapy bill to Blue Cross and Blue Shield of Michigan for a nonreimbursable psychiatric examination. A Board of Medicine referee noted in her opinion:

> By way of providing background to the circumstances that lead [sic] to his plea and conviction and not as a means to collaterally attack the conviction, the Licensee explained that he pled guilty to the charge of misapplication of insurance money in this singular incident. He accepted responsibility for the claim form wrongly submitted although the form was actually submitted by his employee.
>
> The therapy services that were provided but not reimbursable involved a forensic evaluation of a father for purposes of visitation of a minor child. The Licensee had also examined the wife and child.
>
> When the father inquired if the services were covered by insurance, the Licensee informed him that he would be glad to submit the claim and it was up to the insurance company to decide whether to honor it and if the insurance company didn't, he would be responsible.
>
> The Respondent [petitioner herein] had presigned all of his bcbs forms. The billing for ser-

vices was submitted to BCBS under the insurance contract of the wife. The Respondent admitted that he submitted the claim to defray the expenses of the father's evaluation. He indicated that he didn't know whether BCBS would pay or not at the time the claim was submitted. Further, he didn't check to see if he had used the correct Codes [sic] when BCBS sent back information indicating payment or nonpayment. He found out that the services were non-reimbursable in Court. BCBS did not pay the claim.

The Licensee pled guilty to a wilful violation because as a matter of law he was responsible as the principal for the acts of his agent/billings clerk.

Subsequent to the conviction, the Respondent has been remorseful over the lack of supervision that lead [sic] to the false claim. He has radically changed his billing procedures and now employs a very experienced billing clerk and bookkeeper with 16 or 17 years experience working with doctors. He no longer signs forms in advance and he personally reviews claims forms for accuracy of diagnosis and correct codes.

The referee concluded that no violation of MCL 333.16221(1)(b)(v); MSA 14.15(16221)(1)(b)(v) had been established since petitioner's conviction did not relate to and adversely affect his ability to practice medicine in a safe and competent manner. Respondent rejected that conclusion, although it adopted the balance of the referee's findings of fact. The circuit court affirmed the board's decision, and from that decision petitioner appeals.

We agree with the referee's conclusion that, under the Michigan statute, petitioner's conviction for misapplication of insurance funds does not constitute "a misdemeanor or felony reasonably related to and adversely affecting the licensee's ability to practice in a safe and competent manner." MCL 333.16221(1)(b)(v); MSA

14.15(16221)(1)(b)(v). Although billing is arguably one component of the practice of medicine, see *Vining v Bd of Dental Examiners of Alabama,* 492 So 2d 607 (Ala Civ App, 1985); *Catena v Commonwealth of Pennsylvania State Bd of Medical Education & Licensure,* 49 Pa Common 542; 411 A2d 869 (1980); *Matanky v Bd of Medical Examiners,* 79 Cal App 3d 293; 144 Cal Rptr 826 (1978), we conclude that petitioner's conviction for misapplication of insurance funds does not relate in any way to his ability to treat patients safely and competently.

A statutory provision should be read in its entirety and in connection with the rest of the statute. The provision should not be construed so as to render another part of the statute superfluous or nugatory. *Marysville v Pate, Hirn & Bogue, Inc,* 154 Mich App 655, 659; 397 NW2d 859 (1986), citing *Wyandotte Savings Bank v State Banking Comm'r,* 347 Mich 33; 78 NW2d 612 (1956); *Covell v Spengler,* 141 Mich App 76, 81; 366 NW2d 76 (1985), citing *In re Petition of State Highway Comm,* 383 Mich 709, 714-715; 178 NW2d 923 (1970). The Michigan statute contains a specific provision authorizing the board to conduct hearings and to impose appropriate disciplinary measures in cases involving "[u]nethical business practices," including "[f]raud or deceit in obtaining or attempting to obtain third party reimbursement." MCL 333.16221(1)(d)(iii); MSA 14.15(16221)(1)(d)(iii).

The board's broad construction of subsection (1)(b)(v) renders subsection (1)(d)(iii) superfluous. The existence of a specific statutory provision for disciplining licensees for fraud and deceit precludes the board's construction of (1)(b)(v) to include misapplication of insurance funds as a crime "reasonably related to and adversely affecting the licensee's ability to practice in a safe and compe-

tent manner." The specific provision of subsection (1)(d)(iii) indicates the Legislature's determination that unethical business practices do not necessarily indicate that a physician is unable to treat patients safely and competently. If disciplinary proceedings are to be pursued, they should be pursued under the specific provision of the statute addressing fraud and obtaining third-party reimbursement.

Reversed.