CHILINGIRIAN v CITY OF FRASER

Docket No. 113359. Submitted August 17, 1989, at Detroit. Decided October 30, 1989.

Jack C. Chilingirian filed suit against the City of Fraser and others in Wayne Circuit Court under the Whistleblowers' Protection Act alleging that he was discharged from his job as attorney for the City of Fraser because he was about to disclose certain irregularities and potential violations by the municipality. Defendants moved for a change of venue, which the court, William Leo Cahalan, J., granted, finding there was no nexus or connection to Wayne County and the suit should be transferred to the Macomb Circuit Court for the convenience of the parties and the witnesses. Plaintiff appealed by leave granted.

The Court of Appeals *held:*

The Whistleblowers' Protection Act has a favorable venue provision which suggests that the Legislature in enacting the act intended to protect plaintiffs under the act from the potential prejudice of trial in the same county where the defendants are located. Furthermore, while a trial court's decision on a change of venue motion is discretionary, the moving party has the burden of demonstrating inconvenience or prejudice, and a persuasive showing must be made. The inconvenience caused by travel between two adjoining counties does not constitute a persuasive showing in order to justify a change of venue. The trial court abused its discretion in changing the venue in this case.

Reversed.

1. VENUE — WHISTLEBLOWERS' PROTECTION ACT.

The Whistleblowers' Protection Act allows suit to be brought in the county where the alleged violation occurred, where the complainant resides, or where the person against whom the civil complaint is filed resides or has his principal place of business; such a favorable venue provision suggests that the

REFERENCES

Am Jur 2d, Master and Servant § 48.7; Venue § 79.
See the Index to Annotations under Change of Venue; Whistleblowers; Venue.

Legislature in enacting the act intended to protect plaintiffs under the act from the potential prejudice of trial in the same county where the defendants are located (MCL 15.363[2]; MSA 17.428[3][2]).

2. VENUE — CHANGE OF VENUE — INCONVENIENCE.

The party moving for a change of venue has the burden of demonstrating inconvenience or prejudice, and a persuasive showing must be made; the inconvenience caused by travel between two adjoining counties does not constitute a persuasive showing of inconvenience or prejudice which would justify a change of venue.

*Kenneth H. Karam,* for plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana, Anthony J. Rusciano,* and *Michael J. Barton*), for defendants.

Before: MACKENZIE, P.J., and MARILYN KELLY and T. M. BURNS,* JJ.

PER CURIAM. Plaintiff appeals by leave granted from an order of the circuit court granting defendants' motion for a change of venue pursuant to MCR 2.222. We reverse.

On October 19, 1987, plaintiff filed a lawsuit in Wayne Circuit Court under the Whistleblowers' Protection Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*, alleging that he was discharged from his job as attorney for defendant City of Fraser because he was about to disclose certain irregularities and potential violations by the municipality. The court granted defendants' motion for a change of venue, finding there was no nexus or connection to Wayne County, and plaintiff's suit was transferred to Macomb Circuit Court for the convenience of the parties and the witnesses.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

The Whistleblowers' Protection Act is designed to protect "employees who report a violation or suspected violation of state, local, or federal law . . . ." Statement of Purpose, 1980 PA 469. The act's venue provision allows suit to be brought in the "county where the alleged violation occurred, the county where the complainant resides, or the county where the person against whom the civil complaint is filed resides or has their principal place of business." MCL 15.363(2); MSA 17.428(3)(2).

Plaintiff claims that the favorable venue provision allowing suit to be brought in the county where the complainant resides suggests that the Legislature intended to protect the plaintiff from the potential prejudice of trial in the same county where the defendant municipality and its officials are located. We agree.

Although the trial court's decision on a change of venue motion is discretionary, the moving party has the burden of demonstrating inconvenience or prejudice, and a persuasive showing must be made. *Duyck v International Playtex, Inc,* 144 Mich App 595, 599; 375 NW2d 769 (1985). Furthermore, plaintiff's initial choice of venue is to be accorded deference. *Id.* With the protective purpose of the Whistleblowers' Protection Act in mind, we are not persuaded that the moving parties met their burden of demonstrating inconvenience or prejudice to such an extent that plaintiff's choice of forum should be ignored. The inconvenience caused by travel between two adjoining counties does not constitute a "persuasive showing" of inconvenience or prejudice which would justify a change of venue. Therefore, we find that the lower court abused its discretion in changing the venue in this case.

Reversed.