CHILINGIRIAN v CITY OF FRASER

Docket No. 120702. Submitted January 7, 1992, at Detroit. Decided
    May 4, 1992, at 9:10 A.M.

 Jack C. Chilingirian brought an action in the Macomb Circuit
    Court against the City of Fraser and members of the Fraser
    city council, alleging that the discontinuation of his services as
    city attorney was in violation of the Whistleblowers' Protection
    Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*, because it
    occurred as he was about to report irregularities and violations
    by the city of a loan agreement between the city and the
    Michigan Department of Transportation. The court, Raymond
    R. Cashen, J., granted summary disposition for the defendants,
    determining that because the plaintiff was not subject to con-
    trol by the city, he was an independent contractor and there-
    fore was not entitled to the protection of the act. The plaintiff
    appealed.

  The Court of Appeals *held:*

  Although the trial court correctly concluded that the plaintiff
    was an independent contractor and could not be afforded the
    protection of the Whistleblowers' Protection Act, it used the
    "control" test in reaching its conclusion. The "economic real-
    ity" test is the proper test for determining whether a person is
    an employee or an independent contractor for purposes of the
    act. Application of the economic reality test to this case com-
    pels the conclusion that the plaintiff was an independent
    contractor.

  Affirmed.

MASTER AND SERVANT — WHISTLEBLOWERS' PROTECTION ACT — INDE-
    PENDENT CONTRACTORS — ECONOMIC REALITY TEST.

 The economic reality test is used to determine whether a person
    is an employee entitled to the protection of the Whistleblowers'
    Protection Act or an independent contractor not subject to the
    act; relevant factors to be considered under the test include:

REFERENCES

Am Jur 2d, Independent Contractors § 5 *et seq.*; Master and Ser-
    vant §§ 2-4.

See the Index to Annotations under Independent Contractors; Labor
    and Employment.

control of the worker's duties; payment of wages; right to hire, fire, and discipline; and performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal (MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*).

*Peralta, Johnston & Karam* (by *Kenneth H. Karam*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana, Anthony J. Rusciano,* and *Michael J. Barton*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and JANSEN and CONNOR, JJ.

JANSEN, J. Plaintiff, Jack C. Chilingirian, appeals as of right from the trial court's August 28, 1989, order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

On December 8, 1983, defendant City of Fraser retained the law firm of Berschback, Kerwin, Locicero, Brennan and Chilingirian as legal counsel for the city. Plaintiff is a member of the firm and was responsible for much of the city's litigation. On July 23, 1987, the individual defendants, in their capacity as city council members, voted to dismiss plaintiff from all city business effective August 1, 1987.

Plaintiff filed suit against defendants on October 19, 1987, alleging that his termination as city attorney constituted a violation of the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.* Specifically, plaintiff alleged that his discharge was prompted by his investigation into certain irregularities and potential violations by the city relating to a loan agreement between the city and the Michigan Department of Transportation.

Defendants moved for summary disposition on April 17, 1989, alleging that plaintiff was not entitled to the protection of the WPA because he was not an employee of the city, but, rather, an independent contractor. Defendants also argued that the WPA was inapplicable because at the time plaintiff was discharged, he was not about to report any violations of the loan agreement.

Plaintiff responded by arguing that the definition of "employee," as contained within the WPA, was broad enough to cover independent contractors. Plaintiff also alleged that he was protected under the WPA because he was about to report a suspected violation. Finally, plaintiff alleged that summary disposition was improper because factual disputes existed regarding the motive, intent, and factual context of his termination.

On August 28, 1989, the trial court issued its opinion and order granting defendants' motion for summary disposition. The trial court, by employing the "control test," found that plaintiff "was not a person under a contract of hire, but an independent contractor." The trial court concluded that the WPA "is not available to this non-employee" and therefore it would be impossible for plaintiff to support his claim at trial.

On appeal, plaintiff contends that the trial court erred in granting defendants' motion for summary disposition on the basis of its finding that plaintiff was an independent contractor and therefore not entitled to the protection afforded by the WPA. We disagree with plaintiff.

This Court has recognized a "public policy" exception to the general rule that employment at will may be terminated at any time for any reason. *Covell v Spengler,* 141 Mich App 76, 83; 366 NW2d 76 (1985). This exception is based on the principle that some grounds for discharging an

employee are so contrary to public policy as to be actionable. *Id.* These proscriptions are most often found in explicit legislative statements prohibiting discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty. *Id.* The wpa is one such statute. *Id.*

The wpa seeks to protect the integrity of the law by removing barriers to employee efforts to report violations of the law. *Hopkins v City of Midland,* 158 Mich App 361, 374; 404 NW2d 744 (1987). Inherent in the wpa is a purpose to protect the public by protecting employees who report violations of laws and regulations. *Id.; Chilingirian v City of Fraser,* 182 Mich App 163, 165; 451 NW2d 541 (1989).

Pursuant to MCL 15.362; MSA 17.428(2):

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

The wpa defines an employee as "a person who performs a service for wages or other remuneration under a contract of hire, written or oral, expressed or implied," including employees of the state or one of its political subdivisions, but excluding the state classified civil service. MCL

15.361(a); MSA 17.428(1)(a). A person is defined as "an individual, sole proprietorship, partnership, corporation, association, or any other legal entity." MCL 15.361(c); MSA 17.428(1)(c).

We are of the opinion that although the trial court correctly concluded that plaintiff was an independent contractor not afforded the protection of the WPA, it utilized the wrong test in reaching this result. The trial court stated that the "test as to whether one is an independent contractor is one of control, not economic reality." With this statement we cannot agree.

The "control test" has been limited to those situations where respondeat superior has been alleged and the vicarious liability of a master is involved. *Nichol v Billot,* 406 Mich 284, 297; 279 NW2d 761 (1979); *Parham v Preferred Risk Mutual Ins Co,* 124 Mich App 618, 624; 335 NW2d 106 (1983). The control test has been abandoned as the exclusive criterion by which the existence of an employee-employer relationship, for the purpose of remedial social legislation, is determined. *Goodchild v Erickson,* 375 Mich 289, 293; 134 NW2d 191 (1965). Because vicarious liability of a master is not alleged herein, we find the control test to be inappropriate. *Nichol,* p 297. The test to be employed is one of "economic reality." *Goodchild,* p 293.

The economic reality test looks to the totality of the circumstances surrounding the work performed. *Derigiotis v J M Feighery Co,* 185 Mich App 90, 94; 460 NW2d 235 (1990). Relevant factors to consider under the test include: (1) control of a worker's duties; (2) payment of wages; (3) right to hire, fire, and discipline; and (4) performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. *Id.; Parham,* p 623. All the factors are viewed

as a whole and no single factor is controlling. *Derigiotis,* p 95.

In the present case, it is clear that plaintiff was not "in-house" counsel for the city. The city was only one of the law firm's clients, and the law firm provided legal services to a number of other clients. Plaintiff did not maintain an office on the city's premises, but instead maintained his own office and had his own support staff at his firm's location. Plaintiff was not involved in the city's pension program and the city did not pay plaintiff's salary. Instead, plaintiff would bill the city on a monthly basis at an hourly rate for the services rendered. Finally, plaintiff was not subject to the control of the city with respect to the method of his work, but only with respect to the results to be achieved.

We are of the opinion that these facts establish that plaintiff was an independent contractor engaged in his own independent business. Plaintiff did not devote all of his time to work for the city, and he held himself out to the public as performing an independent business. We believe that the trial court correctly concluded that plaintiff was an independent contractor and not an employee of the city. Plaintiff and his law firm were merely independent contractors acting on behalf of their client, the city. *Williams v Logan,* 184 Mich App 472, 478; 459 NW2d 62 (1990). Summary disposition was proper, because it is impossible for plaintiff to support his claim at trial. *Wagner v Regency Inn Corp,* 186 Mich App 158, 166; 463 NW2d 450 (1990).

Plaintiff also contends that the doctrines of collateral estoppel and res judicata, as they relate to the plaintiff's other action in the federal courts, are not applicable in the present case. However, as

plaintiff admits in his brief on appeal, the trial court did not address this issue. Accordingly, review of this issue on appeal is inappropriate, because our review is limited to those issues actually decided by the lower court. *Preston v Dep't of Treasury,* 190 Mich App 491, 498; 476 NW2d 455 (1991). We therefore refrain from addressing this issue.

Affirmed.