BRANCH v AZALEA/EPPS HOME, LTD

Docket No. 124903. Submitted December 18, 1990, at Detroit. Decided May 7, 1991, at 9:30 A.M.

Barbara Branch brought an action in the Wayne Circuit Court against Azalea/Epps Home, Ltd., and John Lewis, alleging wrongful discharge from employment. The court, Kaye Tertzag, J., denied a motion for summary disposition by the defendants, who contended that the action was barred by the exclusive remedy provision of the Whistleblowers' Protection Act, MCL 15.361 et seq.; MSA 17.428(1) et seq., because its ninety-day limitation period had expired. The defendants appealed.

The Court of Appeals held:

The trial court erred in denying the defendants' motion for summary disposition. The Whistleblowers' Protection Act is the plaintiff's exclusive remedy and is applicable to this case. The period of limitation having expired, the defendants were entitled to summary disposition.

1. The Whistleblowers' Protection Act provides that an employer must not discharge an employee because the employee reports a suspected violation of law to a public body or is asked by a public body to participate in an investigation. The plaintiff's principal claim was that she was discharged in retaliation for reporting to a Wayne County Department of Social Services social worker the circumstances of the death of a resident in the defendants' residential foster-care facility where she worked.

2. The social worker in this case was a public body as defined by § 1(d) of the act.

Reversed.

1. MASTER AND SERVANT — WHISTLEBLOWERS' PROTECTION ACT — EXCLUSIVE REMEDY.

The Whistleblowers' Protection Act provides the exclusive rem-

REFERENCES

Am Jur 2d, Master and Servant § 48.7; Plant and Job Safety §§ 59-61.

Liability for retaliation against at-will employee for public complaints or efforts relating to health or safety. 75 ALR4th 13.

edy for a discharged employee who claims that the discharge was in retaliation for the employee's report of a suspected violation of law to a public body or participation in an investigation by a public body (MCL 15.361 *et seq.*; MSA 17.428[1] *et seq.*).

2. MASTER AND SERVANT — WHISTLEBLOWERS' PROTECTION ACT — PUBLIC BODIES — SOCIAL WORKERS.

   A social worker may constitute a public body for purposes of the Whistleblowers' Protection Act (MCL 15.361[d]; MSA 17.428[1] [d]).

*Charlie C. Taylor,* for the plaintiff.

*Ulanoff, Ross & Wesley, P.C.* (by *Janice G. Hildenbrand*), for the defendants.

Before: GRIBBS, P.J., and MACKENZIE and JANSEN, JJ.

PER CURIAM. Defendants appeal by leave granted a December 20, 1989, circuit court order denying their motion for summary disposition of plaintiff Barbara Branch's action for wrongful termination of a just-cause employment contract and retaliatory discharge. Defendants' motion for summary disposition was premised on their allegation that plaintiff's claim was barred by the exclusive remedy provision of the Whistleblowers' Protection Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*, whose ninety-day limitation period had lapsed. In denying defendants' motion, the trial court held that plaintiff's cause of action did not fall within the ambit of the act. We reverse.

The present lawsuit consists of two separate causes of action: one based on the death of a resident at defendants' adult residential foster-care facility and the other based on the firing of plaintiff, a housekeeper/aide at the facility. On April 11, 1989, decedent Delores Johnson informed plaintiff that she was short of breath and that

repeated requests for medical attention had been denied by defendants. In plaintiff's presence, Johnson made additional requests for medical assistance which were refused. On April 12, 1989, Johnson died of a heart attack. On April 22, 1989, plaintiff's employment was terminated. Plaintiff alleges that defendants wrongfully terminated her employment because she related the circumstances surrounding Johnson's death to defendant John Lewis and a social worker investigating Johnson's death.

On appeal, plaintiff claims that the Whistleblowers' Protection Act is inapplicable to the present action because a social worker is not a public body under the act. We disagree.

The Whistleblowers' Protection Act is plaintiff's exclusive remedy. *Covell v Spengler,* 141 Mich App 76, 82-84; 366 NW2d 76 (1985). MCL 15.362; MSA 17.428(2) provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

The act defines public body to include:

> (i) A state officer, employee, agency, department, division, bureau, board, commission, council, au-

thority, or other body in the executive branch of state government.

(ii) An agency, board, commission, council, member, or employee of the legislative branch of state government.

\* \* \*

(iv) Any other body which is created by state or local authority or which is primarily funded by or through state or local authority, or any member or employee of that body. [MCL 15.361(d); MSA 17.428(1)(d).]

Thus, under the Whistleblowers' Protection Act a report to a social worker employed by the Wayne County Department of Social Services is a report to a public body.

We are unpersuaded by plaintiff's argument that the definition of employee in subsection a of § 1 of the act, which excludes civil service employees, excludes a social worker from the definition of "a public body." The definition in subsection a refers to the person reporting the violation or suspected violation of that person's employer, not the public body receiving the report. Therefore, we hold that the social worker in the present case constituted a public body within the ambit of the Whistleblowers' Protection Act.

Reversed.