CHILINGIRIAN v CITY OF FRASER (ON REMAND)

Docket No. 162858. Submitted March 3, 1993, at Lansing. Decided
    April 29, 1993; approved for publication June 17, 1993, at 9:15
    A.M.

Jack C. Chilingirian brought an action in the Macomb Circuit
    Court against the City of Fraser and members of the city
    council, alleging that the discontinuation of his services as city
    attorney was in violation of the Whistleblowers' Protection Act,
    MCL 15.361 et seq.; MSA 17.428(1) et seq. The court, Raymond
    R. Cashen, J., granted summary disposition for the defendants,
    determining that because the plaintiff was not subject to con-
    trol by the city, he was an independent contractor and there-
    fore not entitled to the protection of the act. The plaintiff
    appealed. The Court of Appeals, MICHAEL J. KELLY, P.J., and
    JANSEN and CONNOR, JJ., affirmed, concluding that although
    the trial court correctly concluded that the plaintiff was an
    independent contractor and could not be afforded the protection
    of the act, it incorrectly used the "control" test in reaching its
    conclusion instead of the proper "economic reality" test. Appli-
    cation of the economic reality test compels the conclusion that
    the plaintiff was an independent contractor. 194 Mich App 65
    (1992). The Supreme Court, in lieu of granting leave to appeal,
    remanded the case to the Court of Appeals for further proceed-
    ings. 442 Mich 873 (1993).

    On remand, the Court of Appeals held:

    The facts indicate that the plaintiff was an independent
    contractor and not a person performing services under a con-
    tract of hire. The plaintiff was not an employee of the city for
    purposes of the act.

    Affirmed.

*Peralta, Johnston & Karam* (by *Kenneth H.
Karam*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana,
Anthony J. Rusciano,* and *Michael J. Barton*), for
the defendants.

ON REMAND

Before: MICHAEL J. KELLY, P.J., and JANSEN and CONNOR, JJ.

PER CURIAM. On May 4, 1992, we issued our opinion in this matter. *Chilingirian v City of Fraser*, 194 Mich App 65; 486 NW2d 347 (1992). We affirmed the trial court's order granting defendants' motion for summary disposition, concluding that plaintiff was an independent contractor not entitled to the protection of the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*; MSA 17.428(1) *et seq. Id.*, pp 69-70. After stating the definition of an employee as provided in the WPA, MCL 15.361(a); MSA 17.428(1)(a), and employing the economic reality test, we held that "plaintiff was an independent contractor and not an employee of the city." *Id.*, pp 68-70.

On March 23, 1993, the Supreme Court, in lieu of granting leave to appeal, issued an order remanding the case to this Court for further proceedings, stating as follows:

> While the Court of Appeals opinion cites the statutory definition of "employee," it fails to give any analysis to plaintiff's claim that that definition could include him, even though he is an independent contractor. On remand, the Court is to apply the statutory definition to the facts of this case. The Supreme Court does not express any opinion on whether the Legislature may have intended that the economic reality test apply as a necessary consequence of its statutory definition of employee. [442 Mich 873 (1993).]

As noted in our prior opinion, the WPA defines an employee as "a person who performs a service for wages or other remuneration under a contract

of hire, written or oral, express or implied," including employees of the state or one of its political subdivisions, but excluding the state classified civil service. MCL 15.361(a); MSA 17.428(1)(a). By previously holding "that plaintiff was an independent contractor and not an employee of the city," we did not mean to imply that an independent contractor could never be considered an employee as defined in the WPA. Rather, it was, and continues to be, our opinion that under the facts of this case, plaintiff was not an employee of the city. The facts supporting this conclusion were set forth in our prior opinion. *Chilingirian*, p 70.

The facts as outlined in our prior opinion indicate that plaintiff was an independent contractor and not a person performing services "under a contract of hire." In this regard, we find the trial court's opinion instructive:

> A "contract of hire" is a legal term of art consonant with the term employee but not broad enough to include professionals who work as independent contractors. An attorney representing a client by retainer of some type has not agreed to work under a "contract of hire," but rather has agreed to perform professional services as an independent contractor for a specified sum or under a method of calculating a specified sum.

Most significant is the fact that the city did not pay plaintiff his salary or wages; rather, the city was billed by the law firm on a monthly basis for the services rendered. The city paid for the services by issuing one check to the firm. It is interesting to note that the law firm is not the "person" bringing the lawsuit. Instead, plaintiff did so individually in his own name. Plaintiff held himself out to the public as maintaining an independent

business, and only devoted forty percent of his time to work for the city. Under the facts of this case, we again hold that plaintiff is not an employee of the city as defined in the WPA.

Affirmed.