DRIVER v HANLEY

Docket No. 149151. Submitted February 16, 1994, at Grand Rapids. Decided September 19, 1994, at 9:30 A.M.

Maria E. Driver brought an action in the Benzie Circuit Court against William and Julia Hanley, alleging violation of the Whistleblowers' Protection Act, retaliatory discharge, and breach of an employment contract relating to the termination of her employment after she filed a complaint with the Department of Labor that the defendants were paying her an hourly wage that was lower than the legal minimum. The court, James M. Batzer, J., removed the action to the 85th District Court after a mediation evaluation of $8,000 in the plaintiff's favor. The district court, Brent V. Danielson, J., entered a judgment on a jury verdict for the plaintiff on all counts. The circuit court affirmed the judgment with respect to the claim under the Whistleblowers' Protection Act, but reversed with respect to the claims of retaliatory discharge and breach of an employment contract, ruling those claims to be preempted by the Whistleblowers' Protection Act. The defendants appealed by leave granted, and the plaintiff cross appealed.

The Court of Appeals *held:*

1. The circuit court erred in removing the case to the district court. An action under the Whistleblowers' Protection Act is within the exclusive jurisdiction of the circuit court.

2. The circuit court did not err in reversing the judgment with respect to the claims of retaliatory discharge and breach of an employment contract. The Whistleblowers' Protection Act is the exclusive remedy for an employee whose employment is terminated in retaliation for reporting an employer's violation of law.

Affirmed in part and reversed in part.

1. COURTS — CIRCUIT COURT — WHISTLEBLOWERS' PROTECTION ACT.

The circuit court has exclusive jurisdiction over actions com-

REFERENCES

Am Jur 2d, Wrongful Discharge §§ 55, 216, 220.

Liability for discharging at-will employee for refusing to participate in, or for disclosing, unlawful or unethical acts of employer or coemployees. 9 ALR4th 329.

menced pursuant to the Whistleblowers' Protection Act (MCL 15.363[2]; MSA 17.428[3][2]).

2. MASTER AND SERVANT — WHISTLEBLOWERS' PROTECTION ACT — EXCLUSIVE REMEDY.

The Whistleblowers' Protection Act provides the exclusive remedy for a discharged employee who claims that the discharge is in breach of the employment contract and in retaliation for the employee's report of a suspected violation of law by the employer (MCL 15.361 *et seq.*; MSA 17.428[1] *et seq.*).

*Robert E. Hamel,* for the plaintiff.

*Michael E. Hall,* for the defendants.

Before: TAYLOR, P.J., and MacKENZIE and M. J. MATUZAK,* JJ.

TAYLOR, P.J. Defendants appeal by leave granted the circuit court's order affirming in part and reversing in part the district court jury verdict in favor of plaintiff. Plaintiff cross appeals that portion of the circuit court order reversing the jury verdict in her favor. We affirm in part and reverse in part.

In 1985, defendants moved from a private apartment within their foster care facility to a nearby house. In anticipation of their move, they hired plaintiff to work during the night shift. At the employment interview, Mrs. Hanley provided plaintiff with a job description and informed plaintiff of various workplace rules. According to plaintiff, Mrs. Hanley stated that she would be discharged only if she could not carry out her responsibilities or follow defendants' work rules. Plaintiff's shift began at 9:00 P.M. and ended at 6:30 A.M. Defendants paid plaintiff $20 a night ($2.11 an hour) and $3.35 an hour when plaintiff worked the day shift. Although defendants could initially

---

* Circuit judge, sitting on the Court of Appeals by assignment.

afford to pay plaintiff only $20 a night, plaintiff testified that defendants promised her a raise once they moved into their new home.

While Mrs. Hanley admitted she had an unwritten policy against discharging her employees without just cause, she testified that she did not guarantee plaintiff's employment at the foster home. Mrs. Hanley's need for employees depended on the number of residents in her foster care home. Also, Mrs. Hanley did not recall promising plaintiff a raise.

Shortly after her employment began, plaintiff became concerned about the procedure for dispensing medication to the residents of the foster care home. She reported her concern to Mrs. Hanley, but defendants made no change in their procedure. Thereafter, plaintiff reported her concern to the Mental Health Licensing Bureau. A representative from the bureau visited defendant's facility and required defendants to change their procedure.

When defendants moved out of the foster care home without giving plaintiff the raise she allegedly was promised, plaintiff filed a complaint with the Michigan Department of Labor, Wage and Hour Division, reporting that she was being paid $2.11 an hour, less than the minimum wage. After receiving the Department of Labor complaint, Mrs. Hanley telephoned plaintiff and told her that defendants no longer needed her services. When plaintiff asked Mrs. Hanley if she was being fired, Mrs. Hanley responded affirmatively and stated that she could not tolerate employees going to the authorities without first coming to her. Several hours later, Mrs. Hanley again telephoned plaintiff and offered her the opportunity to finish the work week, but plaintiff declined because Mrs. Hanley would not assure plaintiff a wage increase.

Plaintiff filed her complaint in circuit court

alleging violation of the Whistleblowers' Protection Act (WPA), MCL 15.362; MSA 17.428(2), violation of the public policy against retaliatory discharge, and breach of her employment contract. After the parties received a mediation evaluation of $8,000, the circuit court removed the case to the district court because plaintiff's damages were likely to be below the $10,000 jurisdictional limit.

The district court jury found in favor of plaintiff on each count and awarded $24,800 in damages. Defendants appealed to the circuit court, which reversed on the claims of retaliatory discharge and breach of an employment contract, finding that the WPA preempted them. The circuit court affirmed the district court's judgment regarding the WPA claim, rejecting defendants' argument that the judgment should be set aside for lack of subject-matter jurisdiction.

Defendants argue on appeal that the circuit court erred in removing the case to the district court because the circuit court has exclusive jurisdiction over WPA actions. We agree.

In removing plaintiff's claim to the district court, the circuit court relied on MCL 600.8301(1); MSA 27A.8301(1) and MCR 4.003. According to MCL 600.8301(1); MSA 27A.8301(1):

> The district court shall have exclusive jurisdiction in civil actions when the amount in controversy does not exceed $10,000.00.

Pursuant to MCR 4.003(A)(1), the circuit court may order an action removed to the district court if it appears that the damages may be less than $10,000, and if removal will expedite disposition of the matter.

However, the WPA specifically provides for circuit court jurisdiction:

An action commenced pursuant to subsection (1)
may be brought in the circuit court for the county
where the alleged violation occurred, the county
where the complainant resides, or the county
where the person against whom the civil compli-
ant is filed resides or has his or her principal place
of business. [MCL 15.363(2); MSA 17.428(3)(2).]

Because § 3 of the WPA and § 8301(1) of the Re-
vised Judicature Act each appear to provide juris-
diction to a different court, we must resolve the
apparent jurisdictional conflict.

Where a statutory jurisdictional conflict exists,
the following rule applies:

"Where there are two acts or provisions, one of
which is special and particular, and certainly in-
cludes the matter in question, and the other gen-
eral which, if standing alone, would include the
same matter and thus conflict with the special act
or provision, the special must be taken as intended
to constitute an exception to the general act, as
the Legislature is not to be presumed to have
intended a conflict." [*Baxter v Gates Rubber Co,*
171 Mich App 588, 590; 431 NW2d 81 (1988),
quoting *Wayne Co Prosecutor v Wayne Circuit
Judge,* 154 Mich App 216, 221; 397 NW2d 274
(1986).]

We have previously determined that MCL
600.8301(1); MSA 27A.8301 is general in its appli-
cation. *Baxter, supra* at 591. In contrast, § 3 of the
WPA provides for circuit court jurisdiction over
actions of a specific subject matter, namely, pri-
vate actions for wrongful discharge or discrimina-
tion against an employee who has reported or is
about to report a suspected violation of a law or
regulation. MCL 15.363(2); MSA 17.428(3)(2) and
MCL 15.362; MSA 17.428(2). Accordingly, we hold
that the specific jurisdictional grant of § 3 of the

WPA takes precedence over the more general jurisdictional grant contained in § 8301 of the Revised Judicature Act. In other words, the WPA provides for exclusive circuit court jurisdiction, regardless of the amount in controversy.

In her cross appeal, plaintiff claims the circuit court erred in reversing the jury verdict in her favor on the claim of breach of a just-cause employment contract. Although she acknowledges that the WPA provides the exclusive remedy for claims of retaliatory discharge, she asserts that a cause of action for breach of an employment contract is not precluded by the WPA. On the facts of this case, we disagree.

It is well established that the WPA provides the exclusive remedy for an employee who has been discharged wrongfully from employment for reporting an employer's violation of the law. *Dudewicz v Norris Schmid, Inc,* 443 Mich 68; 503 NW2d 645 (1993); *Shuttleworth v Riverside Hosp,* 191 Mich App 25; 477 NW2d 453 (1991); *Branch v Azalea/Epps Home, Ltd,* 189 Mich App 211; 472 NW2d 73 (1991). As a general rule, "when a statute creates a new right or imposes a new duty having no counterpart in the common law, the remedies provided in the statute for its violation are exclusive and not cumulative." *Shuttleworth, supra* at 27. Because the WPA has no common-law counterpart, "the act is the exclusive remedy for an employee whose employment is terminated in retaliation for reporting an employer's violation of the law." *Id.* In the instant case, plaintiff's breach of an employment contract was based solely on the fact that she reported defendants' violations of the law. Accordingly, we conclude that the WPA provided plaintiff with an exclusive remedy and preempted her cause of action for breach of an employment contract.

Affirmed in part and reversed in part.