REEVES v CINCINNATI, INC (AFTER REMAND)

Docket No. 142550. Submitted October 4, 1994, at Detroit. Decided February 6, 1995, at 9:35 A.M.

Hezekiah and Alice Reeves brought an action in the Wayne Circuit Court against Cincinnati, Inc., and Addy-Morand Machinery Company, the manufacturer and dealer respectively of a power press sold to General Motors Corporation, Hezekiah's employer. The plaintiffs sought damages arising out of the amputation of Hezekiah's fingers, pleading products liability claims under the theories of negligent design, implied warranty, and failure to warn. At the close of the plaintiffs' proofs, the trial court, Henry J. Szymanski, J., directed the jury to return a verdict for the defendants. The Court of Appeals, HOLBROOK, JR., P.J., and SHEPHERD and D. L. SULLIVAN, JJ., reversed with respect to the claim based on the theory of defective design, but affirmed with respect to the claims based on the theory of failure to warn. 176 Mich App 181 (1989). The Supreme Court denied leave to appeal. 434 Mich 895 (1990). On remand, the trial court, Michael J. Connor, J., determined that the holding of the Court of Appeals that on retrial "the question of failure to warn need not be submitted to the jury" gave it discretion to determine whether to submit that question to the jury, allowed the previously adjudicated claims based on the theory of failure to warn to go to the jury, and permitted the plaintiffs to submit to the jury a new claim based on the theory of failure to warn. The jury found for the defendants with respect to the claim based on the theory of defective design, but found that defendant Cincinnati, Inc., had breached its duty to warn and to update users of its equipment. The trial court denied Cincinnati, Inc.'s motion for judgment notwithstanding the verdict. Cincinnati appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Appeal and Error §§ 744-751; Products Liability § 333.

Manufacturer's or seller's duty to give warning regarding product as affecting his liability for product-caused injury. 76 ALR2d 9.

Erroneous decision as law of the case on subsequent appellate review. 87 ALR2d 271.

Products liability: industrial presses. 8 ALR4th 70.

1. The prior opinion of the Court of Appeals clearly intended to preclude retrial of the adjudicated claims based on the theory of failure to warn. Accordingly, the trial court erred in deciding that it had been granted discretion to allow those claims to be submitted to the jury on retrial. A judgment for defendant Cincinnati, Inc., with respect to the previously adjudicated claims based on the theory of failure to warn should have been entered.

2. The trial court abused its discretion in refusing to grant defendant Cincinnati, Inc.'s motion for judgment notwithstanding the verdict with respect to the added claim based on the theory of failure to warn, because that claim was based on an alleged duty to warn of a latent defect in the press and the jury found that there were no latent defects. Clearly, in the absence of a defect, there can be no duty to warn of a defect and no failure to warn of a defect.

3. A manufacturer of a product has no duty to provide to purchasers of the product notices concerning new, updated, or improved safety devices relating to the product. Accordingly, the trial court should have granted judgment notwithstanding the verdict with respect to the claim based on the theory that defendant Cincinnati, Inc., had a duty to update its customers.

Reversed and remanded.

1. APPEAL — LAW OF THE CASE.

The doctrine of law of the case provides that a ruling of an appellate court with regard to a particular issue binds the appellate court and all lower tribunals with respect to that issue as long as it is unaffected by the opinion of a higher court; the rule applies without regard to the correctness of the determination and even if there has been an intervening or contemporaneous change in the law.

2. PRODUCTS LIABILITY — DUTY TO WARN — SUBSEQUENT IMPROVEMENTS.

A manufacturer of a product has no duty to provide to purchasers of the product notices concerning new, updated, or improved safety devices relating to the product.

*Paskin, Nagi & Baxter, P.C.* (by *Jeannette A. Paskin* and *Daniel J. Seymour*), for the plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Dennis M. Goebel* and *Steven D. Brock*), for Cincinnati, Inc.

AFTER REMAND

Before: Hood, P.J., and Taylor and D. A. Servitto,* JJ.

Taylor, J. This is the second appeal in this products liability case. Previously, plaintiffs appealed from the grant of a directed verdict for both Cincinnati, Inc., and Addy-Morand Machinery Company at the close of plaintiffs' proofs. The trial court ruled that plaintiffs' proofs were insufficient to support their claims of design defect and failure to warn. On appeal in *Reeves v Cincinnati, Inc*, 176 Mich App 181; 439 NW2d 326 (1989), this Court reversed the trial court's grant of a directed verdict with respect to the claim based on the theory of defective design, holding that a rational trier of fact could have found for plaintiffs. *Id.* at 190. However, this Court affirmed the directed verdict with regard to the claims based on the theory of failure to warn. *Id.* Plaintiffs unsuccessfully sought leave to appeal to the Supreme Court. 434 Mich 895 (1990). Following a trial on remand, the jury found for defendant Cincinnati with respect to the claim of design defect, but found that Cincinnati had breached its duty to warn and its duty to update users of its equipment. Cincinnati unsuccessfully sought judgment notwithstanding the verdict. Cincinnati appeals, and we reverse.

Before the second trial, Cincinnati moved to preclude plaintiffs from presenting their theory of failure to warn. Cincinnati relied on this Court's statement: "In the event of retrial, the question of failure to warn need not be submitted to the jury." *Id.* at 190. Ruling for the plaintiffs, the trial court interpreted this language as allowing the trial

* Circuit judge, sitting on the Court of Appeals by assignment.

court discretion concerning the issue whether to submit to the jury the theory of failure to warn. The trial court determined that the previously adjudicated claims based on the theory of duty to warn should be presented to the jury because this Court had considered it only "in passing" and paid "very little attention" to that issue. Further, the trial court also allowed plaintiffs to submit to the jury a new claim based on the theory of duty to warn. Plaintiff's new claim concerned Cincinnati's duty to warn of a latent defect in the single solenoid valve system. The trial court erroneously allowed plaintiffs to present the previously adjudicated claims and the new claim on the ground that subsequent case law changed the law with regard to failure to warn. Cincinnati argues that the trial court committed error by allowing plaintiffs to present their claims based on the theory of failure to warn. We agree.

The doctrine of law of the case holds that a ruling by an appellate court with regard to a particular issue binds the appellate court and all lower tribunals with respect to that issue. *Poirier v Grand Blanc Twp (After Remand),* 192 Mich App 539, 546; 481 NW2d 762 (1992). Thus, a decision of an appellate court is controlling at all subsequent stages of the litigation as long as it is unaffected by a higher court's opinion. *Johnson v White,* 430 Mich 47, 53; 420 NW2d 87 (1988). Further, a question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same. *Muilenberg v Upjohn Co,* 169 Mich App 636, 641; 426 NW2d 767 (1988). Indeed, this rule pertains without regard to the correctness of the prior determination. *Id.* The doctrine applies even if there has been an intervening or contemporaneous change in the law. *People v Russell,* 149

Mich App 110, 117-118; 385 NW2d 613 (1985). The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on rehearing. *Muilenberg, supra* at 641; *Johnson, supra*. Accordingly, because the facts in this case remained materially the same, the law of the case precluded presenting to the jury claims based on the theory of duty to warn; to allow presentation of that theory was error.

The trial court's error arose from an incorrect reading of this Court's prior opinion. Rather than reading the stylistic phrase "need not" in a context that showed it to be tantamount to "shall not," the trial court isolated that phrase in the opinion, took it out of context, and concluded that this Court granted the trial court discretion regarding whether to submit to the jury the issue of duty to warn. However, the trial court's interpretation is not warranted by a reading of this Court's prior opinion taken in context. Our indication that the question "need not" be submitted in the event of retrial was based on the determination that Cincinnati had no duty to warn in the first place. *Reeves, supra* at 190. The trial court's reading was not in keeping with this state's established judicial policy that the doctrine of law of the case is a bright-line rule to be applied virtually without exception. See *Russell, supra* at 114.

In view of this Court's decision in the prior appeal, the trial court erred in submitting the duty to warn theories to the jury regardless of subsequent development in the case law. *Id.*

Furthermore, the trial court abused its discretion in denying Cincinnati's motion for judgment notwithstanding the verdict with respect to the claim based on the duty to warn of a latent defect in the single solenoid valve. Because the jury

found that the press was not defectively designed, there was no latent defect about which Cincinnati possibly could have had a duty to warn.

Cincinnati further argues that the court erred in allowing the jury to consider the claim that it had a duty to continue to provide General Motors with notices concerning new, updated, or improved safety devices for the press that it had sold to General Motors in 1950. In the special verdict form, the jury found that Cincinnati breached its "duty to update users" of its equipment. No such duty is recognized in Michigan.

In a case analogous to the instant case, this Court held that although a manufacturer has a duty to warn of latent defects, there is no duty to cure, repair, or modify such latent defects. *Gregory v Cincinnati, Inc,* 202 Mich App 474, 482-483; 509 NW2d 809 (1993). While not expressly addressing whether a manufacturer has a continuing duty to "update" a purchaser concerning state of the art safety devices for products that had not been considered to be defective when manufactured and sold, such a holding concerning "the duty to update" would follow logically from the *Gregory* opinion's reasoning. If a manufacturer is not required to cure a defect in the circumstance of a latent defect, a manufacturer who produces products without defects, latent or otherwise, certainly cannot be required to provide to previous purchasers notices of updated features. Indeed, where no duty to warn exists, none can be said to continue.

The policy rationale for this position was set out well in *Lynch v McStome & Lincoln Plaza Ass'n,* 378 Pa Super 430, 441; 548 A2d 1276 (1988):

The clear effect of imposing such a duty would be to inhibit manufacturers from developing improved designs that in any way affect the safety of

their products, since the manufacturer would then be subject to the onerous, and oftentimes impossible, duty of notifying each owner of the previously sold product that the new design is available for installation, despite the fact that the already sold products are, to the manufacturer's knowledge, safe and functioning properly.

The Pennsylvania Superior Court continued by indicating that, as a policy matter, where the product in question had been under the control of the purchaser for a number of years, it is

clearly more appropriate to impose a duty to insure that the product is functioning properly or to update the design of the product in the light of new technology on [the parties in control of the product] rather than on the manufacturer who relinquished control years ago. [*Id.* at 441-442.]

Therefore, the trial court erred in failing to grant Cincinnati's motion for judgment notwithstanding the verdict with respect to the claim based on the "updating" theory.

Finally, we agree with Cincinnati that the trial court was without jurisdiction to tax costs incurred by plaintiffs in the prior appeal. *Bloemsma v Auto Club Ins Ass'n (After Remand),* 190 Mich App 686, 692-693; 476 NW2d 487 (1991). The record indicates that the trial court awarded plaintiffs $10,382.60 in costs incurred by plaintiffs in the first appeal. On remand, we order that this amount be stricken from the total costs awarded to plaintiffs.

Reversed and remanded to the circuit court for entry of a judgment for defendant Cincinnati, Inc.