CLEMENS v LESNEK (AFTER REMAND)

Docket No. 186758. Submitted September 4, 1996, at Detroit. Decided October 4, 1996, at 9:00 A.M. Leave to appeal sought.

Bernard and Elizabeth Clemens brought an action in the Oakland Circuit Court against John and Helene Lesnek, alleging that the defendants fraudulently concealed known defects, including a leaky roof and a faulty septic system, of a house they sold to the plaintiffs pursuant to an agreement that included an "as is" clause. The court, Francis X. O'Brien, J., granted a partial directed verdict in favor of Helene Lesnek. The jury, uninformed of the partial directed verdict, returned a verdict against the defendants and awarded the plaintiffs $96,500 in damages. The court denied the defendants' motion for judgment notwithstanding the verdict, a new trial, or remittitur. The plaintiffs appealed the grant of a directed verdict in favor of Helene Lesnek. The defendants appealed the denial of their motions. The appeals were consolidated. The Court of Appeals, CONNOR, P.J., and HOLBROOK, JR., and McDONALD, JJ., affirmed in part, reversed in part, and remanded the case for further proceedings, including a determination of remittitur. 200 Mich App 456 (1993). The Supreme Court denied leave to appeal. 444 Mich 897 (1994). On remand, the trial court awarded the plaintiffs $58,135 in damages. The parties appealed.

After remand, the Court of Appeals *held*:

1. The trial court's award of damages was supported by the evidence. The court properly rejected evidence regarding appraisals by a bank because it was not clear that latent defects were considered in the appraisals.

2. The trial court did not err in awarding the plaintiffs the replacement cost of the water softener, the roof, and the septic system.

3. The law of the case doctrine precludes relitigation of the plaintiffs' issues that were previously decided by the Court of Appeals.

Affirmed.

1. MOTIONS AND ORDERS — REMITTITUR — EXCESSIVE VERDICTS.

The amount awarded on remittitur based on an excessive verdict must be the highest possible amount that the evidence will support (MCR 2.611[E][1]).

2. APPEAL — LAW OF THE CASE.

  The doctrine of law of the case prevents the Court of Appeals, in sub-
  sequent proceedings in the same case where the facts remain mate-
  rially the same, from deciding differently issues the Court has pre-
  viously decided.

*James R. Porritt, Jr.*, for the plaintiffs.

*Hardy, Lewis & Page, P.C.* (by *Terence V. Page*), for the defendants.

AFTER REMAND

Before: CAVANAGH, P.J., and MURPHY and C. W. SIMON, JR.,* JJ.

PER CURIAM. This case is before this Court again after remand. This case arises from plaintiffs' purchase of defendants' home. Plaintiffs' claims against defendants alleged that defendants had a duty to disclose numerous defects in the house and property, including a leaky roof and a faulty septic system. The case proceeded to trial regarding these claims and the jury awarded plaintiffs $96,500 in damages. During the trial, a partial directed verdict was granted for defendant Helene Lesnek. In Docket No. 132370, the plaintiffs appealed as of right from an order effectuating the directed verdict for Helene Lesnek, and in Docket No. 134859, defendants appealed as of right an order denying defendants' motion for judgment notwithstanding the verdict, a new trial, or remittitur. This Court affirmed in part, reversed in part, and remanded the case for further proceedings. *Clemens v Lesnek*, 200 Mich App 456, 465-466; 505 NW2d 283 (1993). Specifically, this Court reversed the trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court's decision denying defendants' motion for judgment notwithstanding the verdict with respect to damages for mental anguish, the trial court's decision denying defendants' motion for remittitur, and the decision granting defendant Helene Lesnek a partial directed verdict. *Id.* at 466. In particular, this Court held that the jury's award of $96,500 in damages was excessive and unsupported by the record. Thus, the case was remanded to the trial court for recalculation of plaintiffs' damages.[1]

On remand, the trial court awarded plaintiffs $58,135 in damages, which represented the difference between the property's value as represented to plaintiffs and the property's actual value at the time of sale. This amount was computed by adding the $17,000 cost for repairing the roof, the $16,000 estimated cost for replacement of the septic field, the $1,135 cost for replacing the water softener, and $24,000[2] for reimbursement to plaintiffs' homeowner's carrier.

I

Defendants argue that the trial court erred in determining that plaintiffs' damages were $58,135. The amount awarded on remittitur based on an excessive verdict must be the highest possible amount the evidence will support. MCR 2.611(E)(1). We find that the trial court's award of damages was supported by the evidence.

---

[1] Plaintiffs sought leave to appeal to the Michigan Supreme Court, but leave was denied. *Clemens v Lesnek*, 444 Mich 897 (1994).

[2] Before trial, the parties stipulated that the first $24,000 of damages awarded, if any, would be paid to plaintiffs' homeowner's carrier to reimburse it for monies paid to plaintiffs.

Defendants first contend that the determination of remittitur was in error because the trial court should have considered the bank appraisal evidence in determining remittitur and that the failure to do so was contrary to the directions in this Court's prior opinion. After reviewing the evidence, we find that the trial court properly rejected this evidence because it was not clear whether the appraisals considered the latent defects. Moreover, in our prior opinion we did not direct the trial court to consider the bank appraisals in determining remittitur on remand. Instead, we set forth this evidence to demonstrate that the testimony of Bernard Clemens that the market value of the property at the time of sale was between $50,000 and $75,000 was not sufficient to support the jury award.

Next, defendants claim that the trial court erred in awarding the replacement cost of the water softener, the roof, and the septic system. Defendants argue that awarding the replacement cost of these items improperly changed the difference-in-value determination of damages to one of replacement cost. Because the amount awarded on remittitur must be the highest that the evidence will support, we find, in this case, that the difference in value between buying a house that has a roof, a water softener, and a septic system, and buying a house that needed these items replaced would be the replacement value of these items.

Defendants also argue that the twenty-one-year-old septic system had no value in determining difference-in-value damages because, before the closing, the Oakland County Health Department had informed plaintiffs that the life of a properly maintained septic system is limited, and that replacement of older sys-

tems may be anticipated. This argument is meritless because sufficient evidence was presented that the system was not properly maintained and that its condition was concealed.

Defendants next contend that the replacement cost of the water softener should not have been included in the difference-in-value calculations because there was no record evidence establishing liability with respect to the water softener. Contrary to defendants' argument, Bernard Clemens testified that defendants had represented that the water softener worked but the plaintiff found that the water softener actually had a crack in the tank and the pipes connected to it leaked.

Defendants further argue that the insurance proceeds and the full cost of replacing the roof should not have been included in the damage award because the proceeds were used to upgrade and improve the property and the roof was replaced with an upgraded, high-quality roof. However, the evidence did not demonstrate that the new roof was of better quality or that it was more costly. Additionally, although plaintiffs did upgrade, the evidence supported the award of the insurance money. It had been estimated that it would cost $24,000 to repair the insulation and ceiling that had been damaged by the water damage from the leaking roof and plaintiffs spent more than $24,000 in making these repairs and upgrades.

Defendants argue that plaintiffs did not present sufficient evidence of the actual cost of replacing the septic system. Defendants also argue that the court erred in including the $24,000 payment made by plaintiffs' homeowner's carrier in the damages determination because it turned the parties' stipulation regard-

ing the sequence of payment of any damages into an admission of liability. In order to award the highest amount possible that the evidence would support, the trial court properly considered these items. Bernard Clemens testified that for a basic septic system, plus landscaping, the cost would be between $10,500 and $16,000. The insurance proceeds were used to repair the insulation and ceiling that had been damaged by the water damage from the leaking roof. Accordingly, we conclude that the trial court's award of damages was supported by the record.

II

Plaintiffs, as cross-appellants, argue that this Court erred in Docket Nos. 132370 and 134859 because (1) direct evidence was not required to sustain their claim for mental anguish, (2) plaintiff Bernard Clemens presented valuation evidence that would support the jury's award, and (3) the evidence regarding valuation should not have been weighed by this Court. However, plaintiffs may not relitigate these issues. Under the law of the case doctrine, issues previously decided by this Court will not be decided differently by the Court of Appeals or a lower court in subsequent proceedings in the same case where the facts remain materially the same. *Reeves v Cincinnati, Inc (After Remand)*, 208 Mich App 556, 559; 528 NW2d 787 (1995).

Affirmed.