DRIVER v HANLEY (AFTER REMAND)

Docket No. 193047. Submitted June 11, 1997, at Grand Rapids. Decided
November 25, 1997, at 9:10 A.M. Leave to appeal sought.

Maria E. Driver brought an action in the Benzie Circuit Court against
William and Julia Hanley, alleging violation of the Whistleblowers'
Protection Act (WPA), MCL 15.362; MSA 17.428(2), retaliatory dis-
charge in violation of public policy, and breach of an employment
contract relating to the termination of her employment after she
complained about the defendants to the United States Department
of Labor. The court, James M. Batzer, J., removed the action to the
85th District Court after mediation resulted in an evaluation in the
plaintiff's favor at less than the circuit court's jurisdictional limit.
The district court, Brent V. Danielson, J., entered a judgment on a
jury verdict for the plaintiff on all counts. The circuit court
affirmed the judgment with respect to the WPA claim, but reversed
with respect to the claims of public policy violation and breach of
contract, ruling those claims to be preempted by the WPA. On
appeal by the defendants on leave granted and a cross appeal by
the plaintiff, the Court of Appeals, TAYLOR, P.J., and MACKENZIE and
M. J. MATUZAK, JJ., believing that the plaintiff had made her com-
plaint to the Michigan Department of Labor rather than to the
United States Department of Labor, affirmed the circuit court's
reversal of the district court judgment with respect to the claims of
public policy violation and breach of contract, holding that the WPA
is the exclusive remedy for an employee whose employment is ter-
minated in retaliation for reporting an employer's violation of law.
The Court of Appeals, however, reversed the circuit court's affirm-
ance of the district court judgment with respect to the WPA claim,
holding that an action under the WPA is within the exclusive juris-
diction of the circuit court. 207 Mich App 13 (1994). The circuit
court thereafter granted the defendants' motion for summary dispo-
sition of the WPA claim on the ground that the WPA offers no protec-
tion to employees discharged for reporting to federal agencies. The
circuit court also denied the plaintiff's motion for relief from the
original circuit court judgment in the form of reinstatement of the
district court judgment with respect to the claims of public policy
violation and breach of contract. The plaintiff appealed.

After remand, the Court of Appeals held:

1. The defendants were not judicially estopped from asserting on remand to the circuit court that the WPA does not apply to this case. In the proceedings before remand to the circuit court, the defendants never asserted unequivocally that the WPA applies to this case; instead, the defendants merely argued that because the plaintiff had alleged a violation of the WPA, she could not, as a matter of law, allege a cumulative claim of breach of contract.

2. The circuit court abused its discretion by denying the plaintiff's motion for relief from the original circuit court judgment in the form of reinstatement of the district court judgment with respect to the claim of breach of contract. Reinstatement was denied on the basis that the WPA provided the plaintiff's exclusive remedy. However, because the WPA provided no remedy, it could not have provided the plaintiff exclusive remedy. The doctrine of law of the case does not bind the circuit court or the Court of Appeals to the holding in the prior opinion of the Court of Appeals that the WPA represents the plaintiff's exclusive remedy. Application of that doctrine requires that the facts remain materially the same. Here, in the first appeal of this case to the Court of Appeals, the Court of Appeals incorrectly believed that the plaintiff had made her complaint about the defendants to the Michigan Department of Labor. The plaintiff is not entitled to reinstatement of the district court judgment with respect to the claim of violation of public policy because that claim was not dismissed by the circuit court on the basis of the purported exclusivity of the WPA. On remand, the circuit court must reinstate the district court judgment in favor of the plaintiff with respect to the claim of breach of contract only.

Affirmed in part, reversed in part, and remanded.

*Cunningham Davison Rogers & Alward* (by *William M. Davison*), for the plaintiff.

*Michael E. Hall*, for the defendants.

AFTER REMAND

Before: REILLY, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendants' motion for summary disposition of plaintiff's claim under § 2 of the Whistleblowers' Protection Act (WPA), MCL 15.362; MSA 17.428(2). Plaintiff also contests the circuit

court's subsequent order denying plaintiff's motion for reinstatement of a prior district court judgment. We affirm the circuit court's order granting defendants' motion for summary disposition. We reverse, in part, the circuit court's order denying plaintiff's motion seeking reinstatement of the district court judgment.

This case is before this Court for the second time. In 1985, plaintiff was discharged from her employment with defendants. The facts underlying plaintiff's discharge were set forth in this Court's first opinion. See *Driver v Hanley*, 207 Mich App 13, 14-15; 523 NW2d 815 (1994). As noted in that opinion, plaintiff filed a complaint in the circuit court against defendants alleging (1) a violation of the WPA, (2) a violation of the public policy against retaliatory discharge, and (3) a breach of her employment contract. Because the parties received a mediation evaluation below the jurisdictional limit, the case was removed to the district court, where a jury, in a special verdict, found in favor of plaintiff on each count and awarded $24,800 in damages. On appeal, the circuit court (1) affirmed the district court verdict on plaintiff's WPA count, (2) reversed the verdict on her public policy count on the ground that plaintiff failed to exhaust her administrative remedies,[1] and (3) reversed the verdict on her breach of contract count on the ground that it was preempted by the WPA. Defendants then appealed to this Court on leave granted, and plaintiff cross appealed. Defendants argued that the district court lacked subject-matter jurisdiction over plaintiff's WPA

---

[1] The circuit court construed plaintiff's public policy claim as being a claim for retaliatory discharge under the wages and fringe benefits act, MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.*

claim on the ground that exclusive jurisdiction was within the circuit court. This Court agreed and reversed the circuit court's ruling with respect to plaintiff's WPA claim. *Driver, supra* at 16-18. In her cross appeal, plaintiff argued that the circuit court erred in reversing the verdict on her breach of contract count. This Court disagreed and affirmed the circuit court verdict with respect to plaintiff's breach of contract count, holding that the WPA provided her exclusive remedy. *Id.* at 18.

After remand from this Court, plaintiff was left with only a WPA claim pending in the circuit court. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing that plaintiff could not sustain a successful claim under the WPA under the facts as alleged and developed. In particular, defendants argued that plaintiff's alleged report to the United States Department of Labor (USDL) was insufficient to support plaintiff's claim, because the USDL did not constitute a "public body" within the meaning of the WPA. According to defendants, the WPA did not offer protection to employees discharged for reporting to federal agencies. The circuit court agreed and granted defendants' motion for summary disposition. Plaintiff then moved for reinstatement of the original district court judgment, arguing that the dismissal of her other two claims had been predicated solely on the existence of a valid WPA claim against defendants. The circuit court denied plaintiff's motion, reasoning that the WPA precluded plaintiff's public policy and breach of contract claims despite being inapplicable to plaintiff's case.

Plaintiff first contends that the circuit court erred in dismissing her claim under the WPA. A trial court's

determination regarding a motion for summary disposition is reviewed de novo. *Atkinson v Detroit*, 222 Mich App 7, 9; 564 NW2d 473 (1997). Here, the circuit court did not specify which subsection of MCR 2.116(C) it was relying on when it granted defendants' motion for summary disposition. However, because it relied on matters outside the pleadings, we will construe the motion as having been granted pursuant to MCR 2.116(C)(10). *Osman v Summer Green Lawn Care, Inc*, 209 Mich App 703, 705; 532 NW2d 186 (1995). A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Atkinson, supra* at 9. The moving party is entitled to judgment as a matter of law if the claim suffers a deficiency that cannot be overcome. *Id.*

Plaintiff does not argue that the circuit court erred substantively in dismissing her WPA claim on the ground that the USDL was not a "public body."[2] Accordingly, we will not address the issue whether an agency of the federal government constitutes a "public body" for purposes of the WPA. *Radtke v Everett*, 442 Mich 368, 397-398, & n 48; 501 NW2d 155 (1993). Instead, plaintiff argues only that defendants should have been estopped from asserting that the WPA was inapplicable to plaintiff's case. In Michigan, the doctrine of judicial estoppel prohibits a party who has successfully and unequivocally asserted a position in a prior proceeding from asserting a wholly inconsistent position in a subsequent proceeding. *Pashke v*

---

[2] In plaintiff's reply brief on appeal, she specifically states that the circuit court's ruling regarding the applicability of the WPA "is not an issue in this appeal."

*Retool Industries*, 445 Mich 502, 509-510; 519 NW2d 441 (1994). The fact that the prior and subsequent proceedings in this case occurred within the same litigation is not a bar to the application of the doctrine. See *Detroit Edison Co v Public Service Comm*, 221 Mich App 370, 382; 562 NW2d 224 (1997).

Here, defendants successfully argued to the circuit court (on appeal from the district court) and to this Court that the WPA provided plaintiff's exclusive remedy. Then, on remand to the circuit court, defendants argued that the WPA was inapplicable to the specific facts of plaintiff's case. Plaintiff contends that defendants' "new" position, allegedly taken for the first time on remand, was wholly inconsistent with defendants' prior position. We disagree. Contrary to plaintiff's assertion, defendants' position on remand regarding the applicability of the WPA to the specific facts of plaintiff's case did not conflict with their prior arguments and was not a new position. Defendants first raised both arguments in their original (and ultimately unsuccessful) motions for summary disposition filed in 1986.[3] Moreover, at no time did defendants ever assert, unequivocally, that the WPA was applicable to the specific facts of plaintiff's case. After the initial district court judgment, defendants' arguments did not address the applicability of the WPA to the specific facts of plaintiff's case. Instead, defendants merely argued that, because plaintiff had alleged a violation of the WPA, she could not, as a matter of law, allege a cumulative breach of contract claim. Finally, we note that plaintiff failed to raise the issue of judicial estop-

---

[3] In these motions, defendants argued (1) that the WPA was inapplicable because the USDL did not constitute a "public body" and (2) that plaintiff's public policy claim was excluded by the WPA.

pel before the circuit court and therefore failed to preserve the issue for appellate review. *Chilingirian v City of Fraser*, 194 Mich App 65, 70-71; 486 NW2d 347 (1992), remanded 442 Mich 874 (1993), on remand 200 Mich App 198; 504 NW2d 1 (1993). For these reasons, we hold that the circuit court did not err in allowing defendants to argue that the WPA was inapplicable to the specific facts of plaintiff's case. See *Pashke, supra* at 509-510.

Plaintiff next argues, in the alternative, that because the circuit court dismissed her WPA claim, which had been deemed her "exclusive remedy," it should have reinstated the judgment of the district court with respect to her public policy and breach of contract claims. A trial court on remand possesses the authority to take any action that is consistent with the opinion of the appellate court. *VanderWall v Midkiff*, 186 Mich App 191, 196; 463 NW2d 219 (1990). In this case, it is apparent from the record that when plaintiff requested reinstatement of the district court judgment, she was in fact requesting relief from the original circuit court order dismissing the district court's favorable judgment on her public policy and breach of contract claims.[4] Under MCR 2.612(C)(1)(f), relief from judgment may be granted for "any reason justifying relief from the operation of the judgment." *Huber v Frankenmuth Mut Ins Co*, 160 Mich App 568, 575-576; 408 NW2d 505 (1987). A trial court's decision

---

[4] Although plaintiff's motion was entitled "Motion For Rehearing/Reinstatement of Judgment," she explained at the first hearing on the motion and in her supplemental brief in support of the motion that, procedurally, the motion was actually a motion seeking relief from the prior circuit court order.

to grant such relief is discretionary and will not be disturbed absent an abuse of discretion. *Id.* at 576.

The law of the case doctrine provides that a ruling by an appellate court with regard to a particular issue binds the appellate court and all lower tribunals with respect to that issue. *Reeves v Cincinnati, Inc (After Remand)*, 208 Mich App 556, 559; 528 NW2d 787 (1995). Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case. *Id.* This rule applies without regard to the correctness of the prior determination. *Id.* However, the law of the case doctrine controls only if the facts have remained materially the same. *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981).

In deciding the first appeal in this case, this Court relied on the "well established" rule that "the WPA provides the exclusive remedy for an employee who has been discharged wrongfully from employment for reporting an employer's violation of the law." *Driver, supra* at 18. We then held that, because plaintiff's breach of contract claim "was based solely on the fact that she reported defendants' violations of the law," the remedy provided by the WPA was exclusive. *Id.* This Court's holding was expressly limited to the facts of the case, and in reciting the facts, we incorrectly stated that plaintiff had "filed a complaint with the Michigan Department of Labor, Wage and Hour Division." *Id.* at 15, 18. On remand, the circuit court dismissed plaintiff's WPA claim because plaintiff's report was made to the USDL, a federal agency. Both parties agree that plaintiff's report was made to the federal agency rather than a state agency. Accordingly, because the key fact upon which the circuit

court relied to dismiss plaintiff's "exclusive remedy" was not among the facts apparently relied on by this Court, the law of the case doctrine was not applicable on remand and does not now bind this Court on the issue. *CAF Investment, supra* at 454.

As a general rule, remedies provided by a statute for the violation of a right having no common-law counterpart are exclusive rather than cumulative. *Dudewicz v Norris Schmid, Inc*, 443 Mich 68, 78; 503 NW2d 645 (1993), citing *Pompey v General Motors Corp*, 385 Mich 537, 552-553; 189 NW2d 243 (1971). The WPA is such a statute. *Dudewicz, supra* at 79; *Covell v Spengler*, 141 Mich App 76, 82-84; 366 NW2d 76 (1985). The Michigan Supreme Court, in *Dudewicz, supra* at 80, held that because the WPA provided relief, the plaintiff's cumulative public policy claim was not sustainable. The Court explained that a public policy claim is sustainable "only where there is not an *applicable* statutory prohibition against discharge in retaliation for the conduct at issue." *Id.* (emphasis added); see also *Garavaglia v Centra, Inc*, 211 Mich App 625, 630; 536 NW2d 805 (1995). In this case, the circuit court determined that the WPA was not applicable to the facts regarding plaintiff's discharge. Because the WPA provided no remedy at all, it could not have provided plaintiff's exclusive remedy. *Dudewicz, supra* at 80. Therefore, we hold that the circuit court abused its discretion when it denied plaintiff's motion on the ground that the WPA provided plaintiff's exclusive remedy. *Huber, supra* at 576.

Although plaintiff sought reinstatement (or relief from a prior circuit court order) with respect to both her public policy and breach of contract claims, only her breach of contract claim was dismissed on the

basis of the purported exclusivity of the WPA. Accordingly, plaintiff is not entitled to relief from the circuit court's order regarding her public policy claim. We therefore remand with instructions to the circuit court to (1) modify its prior order reversing the district court's judgment in favor of plaintiff with regard to plaintiff's breach of contract claim and to (2) reinstate the judgment of the district court with respect to that count only.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219,  neither party having prevailed in full.