# STATE OF MICHIGAN

# COURT OF APPEALS

ANN MARIE LANALA,

Plaintiff-Appellant,

v

GERALD DOUGLAS TERVO

Defendant-Appellee.

UNPUBLISHED
October 16, 2014

No. 315443
Baraga Circuit Court
LC No. 2010-006061-DM

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

In this dispute over the proper division of the parties' marital estate, plaintiff, Ann Marie Lanala, appeals by right the trial court's order entered after remand from this Court. On appeal, she argues that the trial court failed to follow this Court's order on remand. Because we agree, we vacate in part and again remand for further proceedings.

In our prior opinion, we explained that the primary dispute on appeal involved the trial court's handling of Lanala's settlement in an earlier lawsuit. See *Lanala v Tervo*, unpublished per curiam opinion of the Court of Appeals, issued October 23, 2012 (Docket No. 306197). Lanala had been injured in an automobile accident during her marriage. She sued for damages, but defendant, Gerald Douglas Tervo, expressly declined any involvement. Lanala settled the lawsuit and recovered "$117,000, after accounting for attorney's fees, to compensate her for pain and suffering." *Id.* She deposited the settlement funds in a separate bank account.

As this Court explained in its prior opinion, during the divorce proceedings, Tervo argued that he was entitled to a portion of the settlement:

> [He] maintained that to the extent the proceeds compensated [Lanala] for her lost earning capacity, those sums were marital property. [Tervo] also argued, alternatively, that if the settlement proceeds were separate assets the assets were subject to invasion because he contributed to the preservation of those proceeds by supporting [Lanala] while she could not work. The trial court rejected [Tervo's] claim . . . [and] held that the settlement proceeds were [Lanala's] separate asset and were not subject to invasion. In making its findings of fact from the bench, the trial court stated "the accident settlement proceeds . . . are [Lanala's] separate property." The trial court reiterated this finding later, stating again that "[Lanala] has been awarded the full accident settlement proceeds

-1-

without being subject to invasion by [Tervo]." Consistent with the trial court's findings of fact, the judgment of divorce provides that [Lanala] is awarded her bank account "which holds [the] proceeds . . . recovered for injuries she suffered in an automobile accident. That account and the settlement proceeds it contains are [her] separate property."

[Lanala's] sole claim on appeal is that the trial court's reliance on the settlement proceeds, which it found to be her separate property, to balance the award of [Tervo's] retirement account and the marital home to [Tervo] was error and rendered the distribution inequitable. . . . [*Id.*]

This Court then concluded that the trial court erred when it considered Lanala's separate property:

At trial, the evidence showed that [Tervo's] retirement savings account and the marital home, which were awarded to [him], were valued at approximately $95,000. In contrast, the trial court only awarded [Lanala] the real property located in Portage Township that was valued at most at approximately $9,500. The trial court stated that it believed that this distribution was equitable because "[Lanala] has been awarded the full accident settlement proceeds without being subject to invasion." Thus, it is apparent that the trial court used [Lanala's] separate property to offset the obvious disparity in the distribution of marital property awarded by the trial court.

We conclude that the trial court's reliance on [Lanala's] separate property to balance the distribution was error and that this error renders the division of the martial property inequitable. The trial court's holding that the settlement money was [Lanala's] separate property rendered that asset exclusively hers and precluded reliance on it to balance the distribution of the actual marital assets. . . . Accordingly, we vacate the portion of the trial court's judgment dividing the parties' property and remand for further proceedings. On remand, the trial court must redistribute the marital assets equitably and without consideration of [Lanala's] separate property. [*Id.*]

On remand, Lanala moved to enforce and amend the judgment in accord with this Court's decision. At a hearing on the motion, Lanala noted the equity in the marital home was valued at $60,500, and Tervo's retirement account was valued at $34,866. She then asked for an equalization payment of $47,683.

Tervo asked the trial court to clarify its findings to reflect that [Lanala's] accident settlement proceeds were separate property, but that reason existed to justify the invasion of that property. He requested, in the alternative, that the court consider certain post judgment facts in determining a new property settlement. The trial court concluded that it would not alter its prior division; instead, it clarified the basis for its decision to divide the estate in the way that it did:

[The] Court recognizes that the settlement proceeds were separate property. And this court meant to make clear that based upon the facts of the case, however, the separate property was subject to invasion for several reasons. After the auto accident, [] Tervo worked and supported the family solely; and that effort for a prolonged period of time did allow [Lanala] to keep the settlement pot [intact]. Additionally, he drew down his retirement during the marriage to support the family. He also supported the family through work and other efforts while [] Lanala got her college degree.

Overall, there's a marital pot of settlement proceeds, house equity, vacant land and the retirement. The court found that the retirement plan shouldn't be drawn down twice and divided. Dividing what's left, if you were to divide it fifty-fifty would give each party approximately a hundred and eight thousand dollars. That values the vacant land in portage township at eighteen thousand five hundred.

[Lanala], indeed, was awarded approximately a hundred and eight thousand dollars, while [Tervo] was awarded equity of approximately sixty thousand five hundred in the home. The remaining balance of his retirement plan at about thirty-eight thousand eight hundred and sixty dollars, as I recall. . . . In other words, he was awarded about ninety-nine thousand three hundred and sixty dollars.

Overall, the court finds that it awarded [] Lanala more assets than it did [] Tervo. If there had been a rehearing, I would have made that clear or clearer . . . .

On appeal, Lanala argues that the trial court erred by failing to comply with this Court's order on remand and redistribute the marital assets without consideration of her separate property. Whether the law of the case doctrine applies is a question of law that this Court reviews de novo. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001).

The law of the case doctrine provides that an appellate ruling on a particular issue binds the appellate court and all lower tribunals with regard to that issue. *Reeves v Cincinnati, Inc (After Remand)*, 208 Mich App 556, 559; 528 NW2d 787 (1995). The doctrine applies to questions specifically decided in an earlier decision and to questions necessarily determined to arrive at that decision. *Webb v Smith (After Second Remand)*, 224 Mich App 203, 209; 568 NW2d 378 (1997). The doctrine applies regardless whether the decision was actually correct. *Hill v City of Warren*, 276 Mich App 299, 308; 740 NW2d 706 (2007).

In the previous appeal, the sole issue was whether the trial court could rely on the existence of Lanala's settlement proceeds to justify awarding her a smaller portion of the marital estate. In examining the issue, this Court noted that the trial court had made two explicit findings: it found that the settlement proceeds were Lanala's separate property and it found that there were no grounds for invading her separate property. Those findings were not disputed on appeal and this Court did not disturb those findings. This Court then held that it was error for the trial court—given those findings—to consider Lanala's separate property when dividing the marital estate. Because the error rendered the trial court's division inequitable, this Court

vacated that portion of the trial court's judgment dividing the marital property and remanded the case back to the trial court for further proceedings. Specifically, the Court ordered the trial court to divide the marital estate without taking into consideration Lanala's separate property.

On remand, the trial court elected to clarify its belief that the original division was equitable. In justifying its continued adherence to the original division, the trial court revisited its finding that there was no basis for invading Lanala's separate property. But this Court's prior decision did not authorize the trial court to revisit that finding. *Reeves*, 208 Mich App at 560 (characterizing the law of the case as a bright-line rule that should be applied virtually without exception). Because this Court's prior decision rested in part on the validity of the trial court's findings concerning the settlement, and those findings were not challenged on appeal, those findings became part of the law of the case and were not subject to review on remand. *Webb*, 224 Mich App at 209. If Tervo felt this Court erred in its application of the law to the facts, his remedy was to seek a rehearing or request leave to appeal to our Supreme Court. *Bennett v Bennett*, 197 Mich App 497, 501-502; 496 NW2d 353 (1992). He did not seek either remedy.

We also disagree with the trial court's contention that this Court did not understand the court's rationale for dividing the property. The trial court was concerned that Tervo used his retirement to support the family, which allowed Lanala to avoid using her settlement proceeds to support the family. However, the trial court did not find that the retirement account was Tervo's separate property. Thus, the parties' use of those funds benefited (and harmed) both parties to the same extent.

Because the trial court erred when it failed to divide the marital estate without taking into consideration Lanala's separate property, as this Court specifically required it to do, we must again vacate that part of the judgment involving the division of the marital estate and remand for a new division. On remand, the trial court shall divide the marital property between the parties and shall do so without considering Lanala's settlement proceeds in any way.

Vacated in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, Lanala may tax her costs. MCR 7.219(A).


/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly

-4-