SOREL *v.* CRANTZ.

1. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.

The Supreme Court does not reverse the judgment of the trial court in a nonjury law case unless the evidence clearly preponderates in the direction opposite to the finding of fact by the trial court.

2. FRAUD—NONJURY CASE—FINDING OF COURT—EVIDENCE.

Finding of trial court in nonjury action for fraud and deceit that plaintiff was entitled to recover his out-of-pocket loss by reason of having sustained his burden of proof as to defendant's misrepresentations as to inventory and accounts payable of business in which plaintiff had invested *held,* not against the clear preponderance of the evidence.

Appeal from Wayne; Baum (Victor J.), J. Submitted October 14, 1960. (Docket No. 92, Calendar No. 48,153.) Decided January 9, 1961.

Case by Lawrence F. Sorel against Ted I. Crantz for fraud and deceit in connection with business venture. Judgment for plaintiff. Defendant appeals. Affirmed.

*Louis A. Gottlieb (Charles Rubinoff,* of counsel), for plaintiff.

*Frazer & Popkin,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES:
[1] 3 Am Jur, Appeal and Error §§ 895, 896.
[2] 24 Am Jur, Fraud and Deceit § 285.

KELLY, J. Plaintiff, who had been employed as a seaman for 12 years, placed an advertisement in the Detroit News (May 8, 1955) stating that he was willing to invest $15,000 plus his own personal services in a sound business proposition.

Plaintiff was approached by Messrs. John Singleman and Raymond I. Eshman and they in turn introduced him to defendant Crantz.

Plaintiff testified that defendant told him he was engaged in the selling of franchises for the installation of siding through the medium of a corporation; that he recently sold one franchise in Florida for $25,000; that his corporation had an inventory valued at more than $30,000; that he had been in the business for 14 years and that he and another man owned the patented process; that if Singleman, Eshman and plaintiff would each invest $11,500 a new corporation would be formed and defendant and each of the 3 investors would have a 25% share in the new corporation.

Defendant arranged for a meeting at his attorney's office (May 20, 1955) and the attorney testified that "Mr. Crantz advised me that these 3 gentlemen wanted me to form a corporation known as Life Brick and Stone, Inc."; that he "advised these men that inasmuch as there is an old corporation, Life Brick and Stone, that the new corporation articles of incorporation could not be filed at that time, and if they wanted to use the name of the new corporation, that it was my opinion that the old corporation should be dissolved under the statute by publishing for claims. And, I prepared the new corporation papers which is exhibit 1. And, they all signed."

Plaintiff was made president of the corporation. He deposited $11,500 in the bank and shortly thereafter, when defendant announced he needed money, withdrew $1,500 and gave it to defendant as a loan.

A total of $6,650 of plaintiff's original $11,500 was expended for payments of the business venture.

Singleman and Eshman did not pay in their $11,-500 and shortly after the incorporation abandoned the project. Plaintiff joined in this abandonment on June 22, 1955. Previous to said abandonment, plaintiff salvaged $4,850 of his $11,500 investment by withdrawing that amount from the bank.

Plaintiff filed his suit for fraud and deceit for $10,000 alleging that the corporation inventory was represented falsely to be $37,425 when it was only $4,000; that the accounts receivable were falsely represented to be $8,000 but in fact did not exist; that the accounts payable were represented to be $4,000 but were in fact more than $8,000; that it was represented the company owned 2 trucks, but both were in fact titled in another company; that it was represented the company owned exclusive formulas and patents, which was not true, and that other representations were made which were also false.

The trial court, sitting without a jury, found that plaintiff had failed to sustain the burden of proof in regard to the alleged misrepresentations concerning the accounts receivable, the ownership of the trucks, and the exclusive formulas and patents. The trial court did find that plaintiff had sustained the burden of proof in regard to the misrepresentations of the inventory and the accounts payable, and, in awarding judgment to plaintiff, stated:

"Now, it is true that Crantz did not receive $6,650 directly for his own pocket. But, in my opinion, it is not necessary that the defendant receive directly a particular sum in order that he should be liable for it. A permissible measure of damages in an action of fraud of this kind is recovery of the out-of-pocket loss of the plaintiff and he is permitted to recover from the person whose false representations

induced him to part with his money or valuable property.

"The plaintiff, therefore, is entitled to recover damages of the defendant in the amount of $6,650 by reason of the defendant's fraud and deceit." .

Appellant, requesting that this Court reverse the lower court and enter judgment in favor of the defendant, states:

"Appellant contends that the representations were not made maliciously or with intent to defraud. It is also defendant's contention that the statement concerning the value was opinion and the statement concerning the accounts payable was not material for the reason that the new corporation was not to pay the debts of the old. Plaintiff should have mitigated his damages by refusing to pay out the $1,500 after he decided that he had been defrauded and plaintiff should not be allowed to recover in trespass the $1,500 which he loaned to the defendant.

"The court erred in entering a judgment for $6,-500."

We have repeatedly held that in law cases tried without a jury this Court will not reverse unless evidence clearly preponderates in the direction opposite to the finding of fact by the trial court. *Zarzecki* v. *Hatch,* 347 Mich 138 (62 ALR2d 284). In reviewing the transcript, appendices, and briefs filed herein we do not find that the evidence clearly preponderates against the trial court's finding, and, therefore, we hold that the judgment of the lower court be affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.