ACTON PLUMBING & HEATING COMPANY *v.*
JARED BUILDERS, INC.

1. Corporations—Liability of Parent for Acts of Subsidiary.
   A parent corporation may not be held liable for the acts of its subsidiary unless it is shown that there was undue domination and control exercised by the parent over the subsidiary in such a way as to defraud and wrong the complainant and that unjust loss or injury will be suffered by the complainant as the result of such domination if the parent corporation is not held liable.

2. Same—Disregard of Corporate Entity of Parent.
   The determination of whether or not the corporate entity of a parent corporation should be disregarded and such parent held liable on the contracts of its subsidiary because the latter served as a mere instrumentality or adjunct of the former must be made in each case in accordance with its own underlying facts.

3. Appeal and Error—Nonjury Cases—Finding of Fact.
   The Supreme Court does not reverse the finding of fact of the trial court in an action at law tried without a jury unless the evidence clearly preponderates opposite to the finding made by the trial court.

References for Points in Headnotes
[1] 13 Am Jur, Corporations § 1384.
[2] 13 Am Jur, Corporations § 8.
[3] 5 Am Jur 2d, Appeal and Error §§ 839–845.
[4] 13 Am Jur, Corporations §§ 7, 8.

4. Corporations—Abuse of Corporate Status.

Finding of trial court in nonjury action at law against individuals who were incorporators and officers and directors of the corporate defendants that plaintiff was entitled to judgment against all defendants jointly and severally for performance of services and the furnishing of labor and materials is affirmed, where trial court found an abuse of the corporate right and status in that the corporations were manipulated by the individual defendants for ·the sole purpose of lining their own pockets and evading their own responsibilities.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted October 5, 1962. (Docket No. 41, Calendar No. 49,543.) Decided December 31, 1962.

Assumpsit by Acton Plumbing & Heating Company, a Michigan corporation, against Jared Builders, Inc., a Michigan corporation, and 5 other corporate defendants, against E. & J. Construction Company, a copartnership, and against Elliott C. Schubiner, Jared Schubiner, and Irene Schubiner, individually and jointly, for materials and labor furnished Jared Builders, Inc., on various building projects. Judgment for plaintiff. Defendants appeal. On remand during appeal judgments against corporate defendants canceled and discharged of record because of their discharge in bankruptcy. Affirmed as to individual defendants and their copartnership.

*Coy & Iannelli* (*Frank Iannelli,* of counsel), for plaintiff.

*Berger, Manason, Kayes & Ernstein* (*Robert S. Ernstein,* of counsel), for defendants.

Kavanagh, J. Plaintiff, a plumbing contractor, instituted this action in the Wayne circuit court to recover the balance due on work and materials furnished by plaintiff to Jared Builders, Inc., and

the other defendants. The 3 individual defendants were the sole incorporators, officers and directors of all the corporate defendants. These individual defendants, through the several corporations, engaged in the building business in the Wayne county area. Plaintiff's claims are based upon transactions entered into with Jared Builders, Inc., for the performance of services and the furnishing of labor and materials.

Plaintiff's claim as set forth in the amended declaration alleged that although the several corporations were incorporated as separate entities, they actually were in fact operated as the agents, instrumentalities, buffers, tools, and alter egos of the individual defendants, and they were actually started, organized, supervised, and controlled by said individual defendants as though they were their own individual enterprises; funds were intermingled; payments were made to materialmen and suppliers without regard to the corporation which was actually obligated to perform the function; advances and loans were made to the individuals by the corporations without corporate authority and to suit the purpose of the individual defendants; new corporations were organized without payment of capital by the individuals who claimed to be stockholders. The suit attempted to obtain judgment against the individual defendants.

It was stipulated that the amount due and owing by Jared Builders, Inc., was $3,100 plus interest from June 1957. The issue on the trial was whether the corporate veil of Jared Builders, Inc., could be pierced to hold liable, in addition to Jared Builders, Inc., the individual and other corporate defendants, jointly and severally.

The trial court held the corporations were mere shams and that the record indicated not 1 of the corporations was operated as a legitimate corpo-

ration. Accordingly, the court rendered a judgment of $3,758.75 against all the defendants, jointly and severally.

Defendants on appeal contend the trial court erred in disregarding the corporate status of Jared Builders, Inc., by holding the individual and other corporate defendants liable.

Justice BUSHNELL, in *Gledhill* v. *Fisher & Co.*, 272 Mich 353 (102 ALR 1042), stated the rule this way (pp 357, 358):

"Before the corporate entity may be properly disregarded and the parent corporation held liable for the acts of its subsidiary, I believe it must be shown not only that undue domination and control was exercised by the parent corporation over the subsidiary, but also that this control was exercised in such a manner as to defraud and wrong the complainant, and that unjust loss or injury will be suffered by the complainant as the result of such domination unless the parent corporation be held liable."

Justice BUTZEL, writing for a unanimous court, in *Herman* v. *Mobile Homes Corp.*, 317 Mich 233, 243, stated the rule as follows:

"In determining whether the corporate entity should be disregarded and the parent company held liable on the contracts of its subsidiary because the latter served as a mere instrumentality or adjunct of the former, each case is *sui generis* and must be decided in accordance with its own underlying facts. (Citing cases.)"

In the case before us the trial court found:

"That these corporations were all formed for the purpose of building, and as 1 of the witnesses testified, I believe Jared Schubiner, formed for the purpose of trying to limit liability and for tax purposes. There were about a dozen corporations formed.

They all had common directors. They had 1 registered office. The capital stock was not paid in until profits were made. The corporations were not really operated as corporations. They never held meetings. The minutes were not up to date. They all had the same registered agent and also they formed 4 partnerships. There was a constant interchange of funds among the corporations without any care as to the corporate structure, and whenever the corporations got in great financial difficulty they were bailed out, if they had to be bailed out, by another operation, which is not a defendant here, the Elliott Travel Service, but which is one run by the 2 Schubiner brothers.

"Now it appears to the court that these corporations were all agents of each other; that these corporations were manipulated by the individual defendants for the sole purpose of lining their own pockets and evading their responsibility whenever they could do so. They were used as shams. They were used in total disregard of the meaning of corporate entities. The corporate status and the corporate right was abused and they were nothing more than a mere sham to allow the individuals to operate as much as they wanted to and in an effort to avoid the eventual day of reckoning. There is nothing in this record to indicate that any 1 of these corporations was operated as a legitimate corporation or operated in a manner such as to entitle this court to give it the privilege that a corporation is generally entitled to."

This is a law action tried before the court without a jury. We do not reverse in such a case unless the evidence clearly preponderates opposite to the finding of facts of the trial court. *Sorel* v. *Crantz,* 362 Mich 154.

After a review of the record, appendix and briefs, we find that the evidence clearly preponderates in favor of the trial court's findings. We conclude the trial court correctly held the plaintiff was entitled

-to a judgment against all of the defendants, jointly .and severally.

The judgment against the corporate defendants having been subsequently set aside by the trial court by reason of their discharge in bankruptcy,* the judgment of the lower court is affirmed as to the ·other defendants jointly and severally.    Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, :and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.

---

* See CL 1948, § 614.16 (Stat Ann 1959 Cum Supp § 27.825[1]).— REPORTER.