*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VINCENT BOWDEN,

        Plaintiff-Appellant,

v

BRODERSEN MANAGEMENT CORP, and,
BRODERSEN ENTERPRISES OF MICHIGAN,
LLC,

        Defendants-Appellees,

and

BRODERSEN PROPERTIES, LLC, and POPEYES,

        Defendants.

UNPUBLISHED
May 4, 2023

No. 360485
Wayne Circuit Court
LC No. 20-004122-NO

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

Although plaintiff raises multiple arguments that are a variation on a theme, this case is resolved by addressing only one: whether this Court's order in a prior interlocutory appeal had the effect of dismissing all defendants from this lawsuit. We conclude that it did and affirm the trial court.

Because this case may be resolved on procedural grounds, only a brief recitation of the underlying facts of the case is necessary. Plaintiff alleges that in 2017 he purchased a two-piece chicken meal at a Popeye's restaurant in Detroit. According to plaintiff, he immediately became ill after biting into a piece of chicken. He claims that the chicken had a "foul smell" and an "awful taste." Plaintiff claims that what he bit into was not chicken, but in fact a fried mouse. According to plaintiff, after interacting with restaurant staff, he went to the hospital where he was treated and released.

-1-

Plaintiff filed this action three years later, in March of 2020, just a few days before the period of limitations expired. The complaint alleged product liability claims under both negligence and strict liability theories, as well as a claim for breach of implied warranty. Plaintiff named three defendants: Brodersen Management Corp, Brodersen Properties, LLC, and Popeyes. Brodersen Management is the parent company with subsidiaries named Brodersen Properties and Brodersen Enterprises of Michigan, LLC. Brodersen Properties owns the real estate of the restaurant, while Brodersen Enterprises actually operates the restaurant.

Defendants filed a motion for summary disposition in February 2021. Defendants sought summary disposition under both MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). Defendants presented several arguments in support of that motion. Their arguments essentially break down into two categories. First, that plaintiff has not come forth with sufficient evidence to establish any of the defendants' liability. And, second, that plaintiff did not actually name as a defendant the one entity that could potentially be liable: Brodersen Enterprises, the operator of the restaurants.[1] The trial court granted the motion in part and denied the motion in part. It granted the motion as to Brodersen Properties and Popeyes being improper parties. And, having determined that Brodersen Enterprises rather than Brodersen Management was the proper party, it granted substitution of Brodersen Enterprises in place of Brodersen Management under the misnomer doctrine. It further directed that all references to Brodersen Management in the caption and complaint be struck. Finally, it denied defendants' motion in all other respects.

Brodersen Management and Brodersen Enterprises then filed an application for leave to appeal to this Court. The application raised three issues. The first issue challenged allowing the substitution of Brodersen Enterprises in place of Brodersen Management and the other two issues related to the trial court's denial of summary disposition on the substantive grounds raised below. This Court, in lieu of granting leave, reversed the trial court in part:

> Pursuant to MCR 7.205(E)(2), in lieu of granting leave to appeal, the Wayne Circuit Court's October 12, 2021 order is REVERSED, but only to the extent that the trial court held that plaintiff was entitled to substitute a new party defendant in this action under the "misnomer doctrine," and this case is REMANDED to the trial court for further proceedings consistent with this order. Because the appellant business organizations are two separate legal entities, neither the relation-back doctrine nor the misnomer doctrine are applicable here. See *Miller v Chapman Contracting*, 477 Mich 102, 106-108; 730 NW2d 462 (2007); *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 222-224; 880 NW2d 793 (2015).

> In light of the foregoing, the motion for stay pending appeal is DENIED as moot.

---

[1] The other Brodersen entities did not operate the restaurant and Popeyes is a brand, not a legal entity.

On remand, plaintiff filed a "Motion to Rescind the Substitution of Brodersen Enterprises of Michigan, LLC and Reinstate Brodersen Management Corporation as a Defendant." Plaintiff argued that, because this Court reversed the decision to substitute Brodersen Enterprises for Brodersen Management, the trial court should reinstate Brodersen Management as a defendant. Plaintiff argued that defendants had not originally requested in their motion for summary disposition that Brodersen Management be removed as an improper party and that the trial court had not granted summary disposition in favor of Brodersen Management.

The trial court denied plaintiff's motion. As the trial court stated on the record:

> Here, the Court does agree with defendant's arguments. At the hearing for the MSD, this Court specifically considered whether Brodersen Management Company was proper party defendant. It is included on the record and, based on the briefs and the oral argument, this Court ruled that the Brodersen Management Corporation should be substituted in place of Brodersen Enterprises of Michigan, LLC, the franchise owner and proper party. This substitution was argued by the plaintiff. The Court entered an order, removing all references of Brodersen Management Corp and left the new defendant, Brodersen Enterprise of Michigan, LLC. The Court of Appeals reversed this Court's order, to the extent that the trial Court held that plaintiff was entitled to substitute a new party defendant in the action under this misnomer doctrine and found the relation back doctrine, nor the misnomer doctrine were not applicable. The Court of Appeals remanded to the trial Court for further proceedings consistent with their order. They didn't—the Court of Appeals did not reinstate Brodersen Management Corp into this case. The Court of Appeals found Bro—Brodersen Enterprises could not be added. The Court of Appeals threw out the only viable defendant, leaving no defendants. Thus, this supports the reason why the remaining arguments that were brought on the application for stay pending leave for appeal was [sic] moot, because there was nothing left to rule on, given there were no more defendants. So, wherefore in light of the Court of Appeals['] decision and the record, the Court agrees with the defendant, that the case is over and a judgment dismissal is proper and counsel should submit an order to that effect.

At this point, two things are clear. First, that the effect of the trial court's October 12, 2021 order granting partial summary disposition included a dismissal of Brodersen Management, which was the basis for allowing a substitution of Brodersen Enterprises, rather than merely allowing the addition of Brodersen Enterprises. Second, in the January 31, 2022 order denying leave to appeal, this Court left intact that part of the trial court's order. And, while this Court could have directed that Brodersen Management be reinstated when it reversed the order of substitution for Brodersen Enterprises, no reinstatement was ordered.

This arguably renders the issue unreviewable under the law of the case doctrine. As explained in *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001):

> The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue. *Driver v Hanley (After Remand)*, 226 Mich App. 558, 565; 575 N.W.2d 31 (1997).

Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case. Id. The primary purpose of the doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.

Interestingly, plaintiff, in his brief in the trial court, cites *Ashker* and argues that the law of the case doctrine actually supports his position. Specifically, plaintiff argued that because this Court remanded for further proceedings consistent with the order, that must mean that we must have concluded that the case would continue on, thus precluding Brodersen Management from pursuing the issue that it should be dismissed from the lawsuit. Plaintiff's argument is misplaced for a number of reasons.

First, as discussed above, the trial court had dismissed Brodersen Management from the case. Therefore, it is plaintiff's burden to establish that Brodersen Management should be reinstated. Second, plaintiff places too much significance on the phrase "remanded for further proceedings consistent with this order." That phrase, or some variation of it, is typically used by this Court in orders and opinions whenever a case is remanded to the trial court especially if there are no specific directions which limit the scope of the remand. It could be, in fact, that the case will continue following remand. For example, if, following the reversal of summary disposition, there remained a viable party defendant then the further proceedings might involve going to trial, a different motion for summary disposition being filed and considered, or a myriad of other possibilities. On the other hand, the further proceedings might be nothing more than the trial court entering the order closing the case. In this case, it was the latter that the trial court found necessary and we agree with the trial court.

More to the point, any application of the law of the case doctrine would be in Brodersen Management's favor. The effect of the trial court's earlier order was to dismiss Brodersen Management from the case and allow Brodersen Enterprises to be substituted in its place. This Court only held that the substitution was improper while not concluding that that had any effect on the dismissal of Brodersen Management. Thus, we are estopped from revisiting whether Brodersen Management should not have been dismissed.

But, assuming that consideration of that issue is not precluded by the law of the case doctrine, we would nevertheless affirm the trial court. Plaintiff's motion to reinstate is, in substance, a motion for the trial court to reconsider the dismissal of Brodersen Management. The trial court denied the motion. Therefore, the only question properly before us is whether Brodersen Management should have been dismissed as not being a proper party. This would require plaintiff to persuasively argue that Brodersen Management is a proper party. This plaintiff fails to do.

First, looking to plaintiff's motion in the trial court, it does not offer any argument that Brodersen Management is a proper party defendant. Rather, plaintiff's argument rested on its theory that this Court's reversal of the substitution also of necessity reinstated Brodersen Management as a defendant, an argument that we have already rejected.

Second, turning to plaintiff's brief on appeal, it too fails to make an argument as to why Brodersen Management is a proper party defendant. Plaintiff's primary argument on appeal regarding whether Brodersen Management should have been dismissed as an improper party

focuses on the procedural posture in the trial court. Specifically, plaintiff argues that Brodersen Management did not properly raise the issue in its trial court motion, that plaintiff was caught off guard at the motion hearing, and plaintiff did not get a fair opportunity to address the issue. It is certainly true that defendant's motion for summary disposition could have been more explicit on this issue with respect to Brodersen Management. But to say that plaintiff was caught completely off guard is not entirely accurate.

First of all, one of defendants' affirmative defenses listed in its answer to the complaint was that Brodersen Management did not "operate the franchise restaurant" at issue. Second, in defendants' initial disclosures, they specifically point out that "Plaintiff has named parties that do not operate the franchise restaurant and therefore, have no duty or liability." Third, in their summary disposition motion and brief, defendants specifically stated that the actual entity operating the restaurant is Brodersen Enterprises, which was owned by Brodersen Management. Fourth, in its response to the motion for summary disposition, plaintiff raised the possibility of using the misnomer doctrine to substitute in Brodersen Enterprises. Finally, this issue was clearly discussed by the parties because, at the October 2, 2021, hearing on the motion for summary disposition, plaintiff's counsel specifically stated that "I asked numerous times if we can do a stipulated order to correct any misnomer to get the correct party involved . . . ."

Moreover, if plaintiff were truly caught off guard at the hearing when Brodersen Management was included in the discussion regarding proper party defendants, plaintiff could have raised the issue with the trial court and requested additional time to brief and argue that specific point. Plaintiff certainly had the opportunity to raise the issue in its motion to reinstate Brodersen Management and argue why Brodersen Management is a proper party to the litigation, but plaintiff failed to do so.

The only argument plaintiff presents in the current appeal is that Brodersen Management is a proper party defendant is an undeveloped argument about piercing the corporate veil. Citing *Wells v Firestone Tire and Rubber Co*, 421 Mich 641, 650-651; 364 NW2d 670 (1984), plaintiff states that "our courts have allowed a party to pierce the corporate veil and hold a parent corporation liable for the tortious conduct of its wholly owned subsidiary where the parent corporation dominates the subsidiary and if recognizing the separate entities would aid in the perpetration of a wrong."

*Wells* is hardly on point. First, it was, as it described itself, a "reverse piercing" case. *Wells*, 421 Mich at 650. This was a workers' compensation case where the employee was attempting to separate the corporate owner, Firestone, from the local Firestone store which was a wholly-owned subsidiary of the national company. Second, the case involved workers' compensation principles and whether an employee of the subsidiary should be considered an employee of the parent, thus precluding a lawsuit against the parent under the exclusive remedy doctrine. Therefore, it is of little benefit to this case.

Somewhat more relevant is plaintiff's reliance on *Acton Pluming & Heating Co v Jared Guilders, Inc*, 368 Mich 626; 118 NW2d 956 (1962). But Acton points out that piercing the corporate veil is reserved for extreme cases. Indeed, in that case, the trial court concluded that "the corporations were mere shams and that the record indicated not one of the corporations was operated as a legitimate corporation." *Acton,* 368 Mich at 628. Clearly, while these cases set

forth the basic principles for piercing the corporate veil, plaintiff does nothing to apply those principles to the case before us.

Plaintiff also argues that Brodersen Management should be estopped from denying that it is a proper party defendant because it misrepresented that Brodersen Management was a proper party. But the only evidence that plaintiff offers in his brief is the same evidence that he referred to at the hearing on the motion for summary disposition in the trial court: that plaintiff's counsel received letters from the insurance company that the insured was Brodersen Management. But the fact that the insurance company insured Brodersen Management does not make Brodersen Management a proper party defendant, nor does it even constitute a representation by Brodersen Management that it is the proper party to be sued. This is particularly true in light of, as discussed above, the numerous instances where defendants pointed out that Brodersen Enterprises operated the restaurant.

Plaintiff also argues that this Court's prior order reversing the substitution of parties had the effect of reinstating Brodersen Management as a defendant. This is inconsistent with the trial court's conclusion at the motion hearing that it had, in fact, dismissed Brodersen Management as not being a proper defendant and allowed Brodersen Enterprises to be substituted in as the proper defendant. Even if plaintiff's argument regarding the effect of our prior order is technically correct as a procedural matter, the fact remains that the trial court determined that Brodersen Management is not a proper defendant and plaintiff has failed to put forth a viable argument to the contrary.

In sum, plaintiff was on notice from the beginning of the lawsuit that defendants' position was that Brodersen Enterprises was the only proper party defendant. And plaintiff consistently failed to make a persuasive argument why Brodersen Management was a proper party defendant.[2]

For these reasons, we conclude that our prior order dismissed the only remaining, viable defendant from this lawsuit. Thus, the only option available to the trial court on remand was to dismiss the case. Moreover, even if it were appropriate in light of our prior order to revisit the issue whether Brodersen Management was a proper party defendant, plaintiff has not presented a viable argument as to why the trial court erred in concluding that Brodersen Management is not a proper defendant.

Affirmed. Defendants may tax costs.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney

---

[2] Plaintiff's final argument is merely a rebuttable to an anticipated argument by defendants that an alternative ground for affirming the trial court is that there is not genuine issue of material fact regarding whether there was a breach of duty that caused plaintiff's illness. While plaintiff did correctly anticipate that this argument would be raised, we need not address it in light of our rejection of plaintiff's argument on appeal.